**ARNOLD v. CITY OF SHERMAN et al.**

No. 14077.

Court of Civil Appeals of Texas. Dallas.
June 3, 1949.

Rehearing Denied July 8, 1949.

Russell L. Dunn and Willard E. Dollahon, Sherman, and Orville M. Jobe, Waco, for appellant.

Murray H. Nance, Jr. and Joe A. Keith, Sherman, for appellees.

BOND, Chief Justice.

The primary purpose of this suit is to require the proper officials of the City of Sherman to recognize plaintiff as a member of the city's Fire Department and to pay him his salary from August 25, 1948, when he was allegedly illegally suspended by the Fire Chief of said Department.

The City of Sherman, a municipality of more than 10,000 inhabitants, operating under special charter, in due time adopted the provisions of the Firemen's and Policemen's Civil Service Act, Acts 1947, 50th Legislature, p. 550, Ch. 325, Vernon's Ann. Civ.St. art. 1269m, § 1 et seq.; and, as provided therein, put into effect the provisions establishing Civil Service for firemen and policemen, and appointing a Civil Service Commission of three members.

Section 5 of the Civil Service Act provides, pertinent here, that "The Commission shall make such rules and regulations for the proper conduct of its business as it shall find necessary and expedient, * * *. Such rules and regulations shall prescribe what shall constitute cause for removal or suspension of Firemen or Policemen, but no rule for the removal or suspension of such employees shall be valid

unless it involves one or more of the following grounds: Conviction of a felony or other crime involving moral turpitude; violations of the provisions of the charter of said city; acts of incompetence; neglect of duty; discourtesy by said employee to the public or to fellow employees while said employee is in line of duty; acts of said employees showing a lack of good moral character; drinking of intoxicants while on duty, or intoxication while off duty; or whose conduct was prejudicial to good order; refusal or neglect to pay just debts; absence without leave; shirking duty, or cowardice at fires; violation of any of the rules and regulations of the Fire Department or Police Department or of special orders, as applicable."

Section 23 provides: "The Commission shall cause to be published all rules and regulations which may be promulgated by it, and shall publish classification and seniority lists for each Department, and such rules and regulations and lists shall be made available upon demand."

The Act, sec. 8, provides for the appointment of the Chief or head of the Fire Department or Police Department by the Chief Executive of the city; and in detail sets out the Chief's duties and powers in reference to the suspension or dismissal of employees under his supervision or jurisdiction. Sec. 16 declares that "The Chief or head of the Fire Department or Police Department of the city government shall have the power to suspend indefinitely any officer or employee under his supervision or jurisdiction for the violation of civil service rules;" but the procedure for the Chief to follow is that he shall file with the Civil Service Commission a written statement giving the reasons for the suspension, pointing out specifically the Civil Service rules and regulations claimed to have been violated, and furnishing copy thereof to the fireman or policeman affected by the charges. "It shall not be sufficient for the Department head merely to refer to the provisions of the rules alleged to have been violated and in case the Department head does not specifically point out the act or acts complained of on the part of such employee, it shall be the duty of the Commission promptly to reinstate him."

After the filing of the charges with the Commission, the suspended officer or employee shall have the right to appeal to the Civil Service Commission and be accorded an inquiry and a decision by the Commission stating "whether or not the suspended employee shall be permanently or temporarily dismissed from the Fire Department or Police Department or be restored to his former position or status in the classified service in the Department." Then it provides: "In the event that such suspended employee is restored to the position or class of service from which he was suspended, such employee shall receive full compensation at the rate of pay provided for the position or class of service from which he was suspended, for the actual time lost as a result of such suspension. * * * No employee shall be suspended or dismissed by the Commission except for violation of the civil service rules, and except upon a finding by the Commission of the truth of the specific charges against such employees."

Section 17 of the Act declares that on appeal to the Commission by a suspended employee "it shall only be necessary for him to file within ten (10) days with the Commission a statement denying the truth of the charge as made, or a statement taking exception to the legal sufficiency of such charges and asking for a hearing by the Commission."

On August 25, 1948, Mr. Arnold, the plaintiff (appellant here), was a member of the Fire Department, a constituted position under the ordinances and charter of the City of Sherman, and was at that time receiving compensation for his services at the rate of $175 per month. Reagan H. Cooper was Chief or head of the Sherman Fire Department; and for the reasons alleged, "Charge No. 1—Insubordination; charge No. 2—Assault and battery," he indefinitely suspended the plaintiff as such civil service employee, and delivered or caused to be delivered to him and to the Civil Service Commission such charges which allegedly were violations of rules and regulations promulgated by the Civil Service Commission. Subsequently the plaintiff duly appealed to the Commission for a hearing and inquiry on the charges

preferred against him by the Chief or head of the Fire Department; and, in motion filed with the Commission, moved the Board or Commission to dismiss the charges and to reinstate him in the Fire Department; in effect, assigning as reasons therefor that the charges were insufficient showing a violation of any rule and regulation promulgated by the Commission as required by sec. 16 of the Civil Service Act, Article 1269m, R.S., or showing that the charges preferred had been legally adopted as grounds promulgated by rules and regulations of the Commission as required by the statute; and that the Chief of the Fire Department was not authorized to discharge or suspend him in absence of statutory authority or rules or regulations of the Commission. Overall, the motion denied the charges as having legal effect, and excepted to the Commission as not having legally adopted such rules and regulations as required by the Civil Service Act; wherefore, the Commission had no jurisdiction in the matter except to dismiss the charges and reinstate plaintiff in said Fire Department.

On hearing of the complaining employee's said motion, the Commission made inquiry and entered the following order: "Filed Sept. 17, 1948. Sustained by Civil Service Commisssion. /s/ J. D. Buster, Ch."

Interpreting the aforesaid order of the Civil Service Commission as a decision that the charges preferred against him were not within the purview of the Civil Service statute, rules and regulations of the Commission, tantamount to a dismissal of the charges preferred and a reinstatement of him as a member of the Fire Department, the discharged fireman presented himself to the Chief of the Fire Department and to the City Manager for service; being denied recognition as a member of the Fire Department, his proffered service was refused and payment of his salary denied; whereupon this suit for writ of mandamus was filed in a district court of Grayson County asking that the order of his suspension by the Chief or head of the Fire Department be set aside; that he be reinstated in the Fire Department; and that the proper city officials—defendants herein named—be required to pay him the full amount of his salary since his discharge or suspension. The cause was tried to the court without a jury and judgment entered that plaintiff recover nothing by his suit; from which judgment plaintiff prosecutes this appeal.

The statute, supra, under which this suit was brought provides a complete and exclusive list of rules and regulations of misconduct which may constitute cause for dismissal or suspension of an employee only when adopted by the Civil Service Commission and published as required by law, sec. 23. The statute withholds from the Commission unlimited discretion in dismissing or suspending employees. No classified employee can be legally suspended or removed by the Commission except for the violation of some Civil Service rule previously promulgated by the Commission; and then, too, only upon findings by the Commission of the truth of said specific charges preferred against such employee. The heads of the Fire or Police Departments have no independent power or authority to suspend or remove indefinitely an employee within their supervision or jurisdiction for the violation of Civil Service rules. The decision of the Commission sustaining charges preferred against such employee is an essential prerequisite. The statute restricts the power of the Chief or head of the Fire and Police Departments to obedience of the Commission in determining that the employee is guilty of one or more of promulgated grounds for such suspension and removal. Fire Dept. of City of Fort Worth v. City of Fort Worth, Tex.Sup., 217 S.W.2d 664. Such provisions of the statute comprehend the entire subject for the removal and suspension of firemen and policemen and create an independent exclusive method for such removal and suspension. The statute supersedes all former powers of the charter giving authority to a mayor, city council, or city manager, to remove at will all employees of said classified Civil Service departments. Therefore, the issue in this case is: Was the plaintiff legally suspended from his position as fireman, and not whether he was guilty of the charges preferred against him by the Chief or head of the Fire De-

partment. If he was not legally suspended, then certainly he is entitled to his full salary from the date of such illegal suspension.

It is conceded in defendant's answer to plaintiff's suit that at the time the plaintiff was suspended the Commission had not legally adopted the statutory grounds, nor had it promulgated rules or regulations of its own for the suspension or dismissal of any employee as required by Art. 1269m of the Revised Civil Statutes of Texas. Therefore we are of the opinion that the charges preferred against the employee by the Chief or head of the Fire Department were not in violation of rules and regulations by which he could be suspended. The charges, (1) insubordination, (2) assault and battery, evidently find no support in the record as to justify the Chief of the Fire Department or the Commission to find and determine that the discharged employee was guilty as to effect his suspension. The charges were not legal charges for the exercise of judicial determination by the Commission, the Commission had no jurisdiction over the charges to sustain the action of the Chief in suspending the employee. The statute confers jurisdiction on the Commission only to determine legal charges coming under the purview of rules and regulations promulgated and published by the Commission; thus in absence of such rules and regulations the Commission was without jurisdiction other than to sustain plaintiff's motion to dismiss the charges and reinstate plaintiff in the position from which he had been illegally suspended.

It is a fundamental rule of constitutional law in the construction and application of statutes that where the authority is given to do a thing and the mode of doing it is prescribed, such must be followed to the exclusion of all others. The burden of proving the charges of misconduct of the employee as coming within the purview of the statute, was on the Chief of the Fire Department; and the judgment of the Commission in sustaining the plaintiff's motion must necessarily have been based on insufficient evidence of probative force of the existence of some actual and substantial cause within the contemplation of the law for the suspension and removal of the employee. There is no evidence in the record of any violation of Civil Service rules, hence plaintiff was not suspended. Evidently the Commission recognized its lack of power to sustain the charges, and, in sustaining the motion to dismiss the charges, perforce of the statute, reinstated the employee. So, we come to the conclusion that the suspension of the employee in the instant case was invalid; he was removed in violation of law. The appeal to the district court necessarily involved the validity of the proceedings; the wisdom and reasonableness of the statute will not be reviewed.

Plaintiff having tendered his services as member of the Fire Department, which was refused, and he being denied the right guaranteed to him perforce of the statute as such member, he is entitled to be reinstated and his salary paid in full since the date of such illegal suspension,—payable out of the current revenues of the City, as other members of the City Fire Department are paid. He has the right to a writ of mandamus, or other appropriate writ, to compel the officials of the City of Sherman, appellees herein, or their successors in office to restore his right of membership in the Fire Department and to pay him his salary commensurate with the other members of the Department, since August 25, 1948; but, having the utmost confidence in such officials that they will observe appellant's rights as herein decreed, we refrain from ordering the writ to issue from this Court.

The judgment of the court below is reversed and judgment here rendered for the plaintiff in accordance herewith, and only remanded to the court below with instructions to enforce, if necessary, plaintiff's rights herein decreed by appropriate mandatory proceedings.

Reversed and judgment rendered with instructions for its enforcement.

### On Rehearing.

Rehearing denied.

YOUNG, Justice (dissenting).

In this proceeding for mandamus, appellant seeks an order of restoration to his

former position as city fireman from which he had been indefinitely suspended by Fire Chief Cooper.

The writ of mandamus is extraordinary and drastic in character and the courts exercise great caution in its award. It is therefore essential that the right sought to be enforced be clear and certain, so as not to admit of any reasonable controversy. "The writ does not issue in cases where the right in question is doubtful or not complete, but merely inchoate, or is a qualified one, or where it stands on a fact issue to be determined upon by the respondent, or where there is a substantial defect in the proof of the relator's right." 34 Am.Jur. sec. 55, pp. 847, 848; 28 Tex.Jur. secs. 11, 12, pp. 533, 534; Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515, 70 A.L.R. 1484; Lewis v. Harris, Tex.Civ.App., 48 S.W.2d 730.

Bearing in mind above fundamental principles, let us see if the undisputed facts herein furnish any adequate basis for the grant of mandamus by an appellate court. On August 25, 1948, Chief Cooper of the Sherman Fire Department, filed with the Civil Service Commission (Firemen and Police) and delivered to appellant the following letter: "Mr. Jimmie Otway Arnold, Sherman, Texas. In accordance with Rule 19, Section 110, of the Civil Service Rules and Regulations or Laws of March 29, 1948, you are charged with the following offenses considered to be against the interest of the Service. Therefore, it is necessary that your Indefinite Suspension be considered by the Civil Service Commission to promote the efficiency of the Service. Charge No. 1. Insubordination. Charge No. 2. Assault and Battery. On August 25, 1948, on or about 11:00 A. M. on the main floor, in the southwest corner of the building and on the front sidewalk of the Central Fire Station, Travis and Cherry Streets, Sherman, Texas; Jimmie Otway Arnold did verbally and physically attack me while I was on my official duty as Fire Chief causing bodily injury, humiliation and bringing discredit upon the Service. In accordance with Rule 19, Section 112, of the Civil Service Rules and Regulations or Laws of March 29, 1948, you are hereby notified that you have ten days after receipt of this letter, within which to appeal to the Commission."

Answering on August 28, Arnold filed written denial of above charges with the Commission, then presenting to and urging before this Board a motion worded as follows: "Now comes Jimmie Otway Arnold and moves the Board to dismiss the charges herein preferred against him and reinstate him in the Sherman Fire Department for the following reasons: (1) That Section 16 of Article 1269m of the Revised Civil Statutes of Texas provides 'The written statement above provided to be filed by the department with the Commission shall not only point out the Civil Service Rule alleged to have been violated by the suspended employee * * *', and in this connection the defendant shows that the written statement does not point out the Civil Service rules the defendant is accused of violating, and for this reason this Board does not have jurisdiction to take any other action except to dismiss the charges and reinstate the defendant in the Sherman Fire Department. (2) That Section 23 of Article 1269m of the Revised Civil Statutes of Texas requires the Civil Service Commission to publish all rules and regulations which may be promulgated by it, and in this connection, the defendant shows to the Board that the Civil Service Commission has not legally adopted rules and regulations, and if such rules and regulations have been adopted that same have not been published as required by the above law, therefore this Board is without jurisdiction to hear this matter and the only action it can take in the premises is to dismiss said charges and reinstate the defendant in the Sherman Fire Department. (3) That the offenses charged against this defendant are not grounds for discharge under section 5 of Article 1269m of the Revised Civil Statutes of Texas, and the Chief of the Sherman Fire Department was not authorized to discharge the defendant for the alleged acts because such action is not authorized by said Article, and this Board has no jurisdiction in this matter except to order a reinstatement of the defendant in the Sherman Fire Department. Wherefore, the defendant prays that this matter be dismissed and

that he be reinstated in the Sherman Fire Department."

The only hearing before said Civil Service Board was upon consideration of above motion; and after argument by counsel for both appellant and City, the following notation was made thereon: "Filed Sept. 17, 1948. Sustained by Civil Service Commission, J. D. Buster, Ch." The majority apparently interprets the word "sustained" as used by the Commission to mean not only a dismissal of the charges but also a reinstatement of appellant in the Fire Department, simply because the relief prayed for includes both a dismissal of proceedings and restoration to office. But plainly the motion in question is *one to the jurisdiction,* alleging, as it does, a want of power on part of the Commission to entertain these charges, in that said Body had no legally adopted rules and regulations under which a suspended fireman could be tried. To this the Commission agreed, at the insistence of appellant, but it is too plain for argument that such tribunal was wholly without power to go further or to take any action on the motion *except to dismiss;* the result being, not an order of reinstatement, but a final judgment of suspension. Doan **v.** Star Hardware & Furniture Co., Tex.Civ. App., 296 S.W. 639. On sustaining a motion to dismiss for want of jurisdiction, the order appealed from remains undisturbed and outstanding. International Ass'n of Machinists etc. v. Federated Ass'n etc., 133 Tex. 624, 130 S.W.2d 282. It is thus seen that the record of appellant's own making conclusively refutes the existence of any clear and undoubted right, remediable by mandamus.

Perhaps no more should be said, but in several particulars, this record, as interpreted by the majority, needs clarification. In the first place, pursuant to Art. 1269m, V.A.S., the Commission *had formulated* the rules and regulations contemplated by statute; and it is to these regulations that Chief Cooper refers, and which he invoked, by the statement in his letter to Arnold that "in accordance with Rule 19, sec. 110 of the Civil Service Rules and Regulations or Laws of March 29, 1048, you are charged," etc. At that moment these rules appear not to have been formally published as required by sec. 23, Art. 1269m. The majority assumes, from this omission to publish, the absence of any procedure by which appellant can be tried, thereby concluding that "the Commission was without jurisdiction other than to sustain plaintiff's motion to dismiss the charges and *reinstate plaintiff in the position from which he had been illegally suspended."* (Emphasis mine.) Obviously the part of such holding just emphasized is a non sequitur, as has already been demonstrated; and, aside from this, it penalizes the City of Sherman by disposing of its charges of insubordination without the trial expressly guaranteed by sec. 16 of the same Law. Equity will not suffer a right to be without a remedy, the maxim being always applicable to those who have not had their day in court. Goodman v. Board of Drainage Commissioners, 229 Ky. 189, 16 S.W.2d 1036; and this plaintiff was either amenable to the provisions of Art. 1269m concerning his good behavior as municipal fireman or to the pre-existing law of Sherman, a home rule city, where like suspensions were authorized, subject to approval of the City Council.

But we are faced with no such dilemma here. Adoption by the Sherman city electorate of Art. 1269m made its provisions the sole method of redress for the charges leveled against appellant, a municipal employee; and so far as he was concerned, the rules in question were sufficiently published in the communication from Chief Cooper, referring, as he did, to Rule 19, sec. 110 of the Sherman "Civil Service Rules and Regulations * * * of March 29, 1948." The word "publish" is defined, 35 Words and Phrases, Perm. Ed., page 445, as "to make public; to make known to people in general; to make public in a newspaper, book, circular, or the like." Justice must not be sacrificed upon the sharp edge of technicality; and if the law required further satisfaction by way of publication of these rules, same could have been promptly complied with by a public posting; whereupon it became the Commission's bounden duty to overrule appellant's motion to dismiss for want of jurisdiction and proceed to its statutory inquiry, sec. 12, relative to

"the truth or falsity of the specific charges filed * * * the sufficiency of said charges, and as to what punishment, if any, should be administered."

However, in the situation at hand, we are not required to rely on the assumptions just made. The rules governing these charges of assault and insubordination had already been promulgated and published; appearing in Art. 1269m as sec. 16 (procedure of trials) and sec. 5 (generally defining the elements of employee misbehavior), which latter section the Supreme Court has denominated a "pattern" of offenses on which the Commission may act. See Fire Department of City of Fort Worth v. City of Fort Worth, Tex.Sup., 217 S.W. 2d 664. By their wording, both sections (5 and 16) are seen to be self-executing; the charges made by Chief Cooper comprehending at least two of the sets of facts constituting misbehavior under section 5, viz.: "Discourtesy by said employee to the public or to fellow employees while said employee is in line of duty"; or "whose conduct was prejudicial to good order."

Manifestly, therefore, the majority erred in concluding that the charges of misconduct attributable to appellant did not come "within the purview of the statute"; and their further conclusion that there was "no evidence in the record of any violation of Civil Service Rules" is explained by the fact that the Commission heard no evidence of the truth or falsity of the charges made; in other words, conducted no actual trial. The majority quotes from sec. 16 that "No employee shall be suspended or dismissed by the Commission except * * * upon a finding by the Commission of the truth of the specific charges against such employees." Conversely, no claim of misbehavior within purview of any Civil Service Rule (of which subd. 5, Art. 1269m, is the pattern) should be overruled except upon a finding by the Commission of the falsity of said charges made against the particular employee.

However, recurring to the instant record, appellant, having signally failed to discharge the burden resting upon him in a proceeding for mandamus to demonstrate by both allegations and proof a clear and undoubted right to the relief sought and to which no defense exists, King v. Guerra, Tex.Civ.App., 1 S.W.2d 373, writ ref., the trial court's judgment in refusing the writ was eminently correct and should be affirmed.