**CIVIL SERVICE COMMISSION OF the CITY OF TEXARKANA, Texas, et al., Appellants,**

v.

**Leslie Earl CARTER, Appellee.**

**No. 7269.**

Court of Civil Appeals of Texas.

Texarkana.

Dec. 27, 1960.

Wm. V. Brown, Jr., Texarkana, for appellants.

Harry B. Friedman, Texarkana, for appellee.

PER CURIAM.

This is a suit to reinstate a discharged city policeman. The judgment ordering reinstatement is affirmed.

The Civil Service Commission of the City of Texarkana, Texas, met at a called session February 11, 1960 to hear a complaint made under oath against Les Carter, a policeman in the classified service of the City's Police Department. The complaint alleged violation of one or more of the City's Civil Service Rules, and was filed with the Civil Service Commission by Marvin Robert McClure, a private citizen.

Carter and his legal counsel appeared at the hearing and lodged an exception to the jurisdiction of the Commission to hear the complaint. After the exception was overruled Carter participated fully in the hearing. All investigation of the charges was completed the day the hearing began, and on February 18 the Commission entered its order. The order recited in substance that the Commission found the charges of the McClure complaint true; it dismissed Les Carter from the Police Department, and gave other directions incident thereto.

Les Carter was dissatisfied with the Commission order, and appealed by instituting a suit to set the order of dismissal aside in a District Court of Bowie County on February 25, 1960. The suit was tried before the court without the aid of a jury. Judgment was entered voiding the Civil Service Commission order and directing the reinstatement of Carter to his former employment, with full pay from the date of dismissal. The City and the City Service Commission appealed from the District Court decree, and the trial court judgment is before this court for review.

The Legislature declared its purpose in enacting the Firemen's and Policemen's Civil Service Act, (Art. 1269m, Vernon's Ann.Civ.Texas St.) to be "to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel, free from political influence, and with permanent tenure of employment as public servants". The Act provides a mode for disciplinary action against policemen subject to its terms, including a procedure for suspension of a policeman and his removal from service for violation of civil service rules. This procedure is prescribed in detail. This Act also authorizes the Civil Service Commission to make rules and regulations for the proper conduct of its business, and to prescribe the constituents of good cause for removal or suspension of employees, subject to the limitations set out in the Act. In 1948 the Civil Service Commission of the City of Texarkana exercised its rule-making authority in this field by adopting a comprehensive set of rules entitled "Firemen's and Policemen's Civil Service Rules of the City of Texarkana, Texas."

Sec. 16 of the Act, which pertains to disciplinary suspension and removal of employees, reads as follows:

"The Chief or Head of the Fire Department or Police Department of the city government shall have the power to suspend indefinitely any officer or employee under his supervision or jurisdiction for the violation of civil service rules, but in every such case the officer making such order of suspension shall, within one hundred and twenty (120) hours thereafter, file a written statement with the Commission, giving the reasons for such suspension, and immediately furnish a copy thereof to the officer or employee affected by such act, said copy to be delivered in person to such suspended officer or employee by said department head. Said order of suspension shall inform the employee that he has ten (10) days after receipt of a copy thereof, within which to file a written appeal with the Commission. The Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal. Said decision shall state whether or not the suspended officer or employee shall be permanently or temporarily dismissed from the Fire or Police Department or be restored to his former position or status in the classified service in the department. In the event that such suspended employee is restored to the position or class of service from which he was suspended, such employee shall receive full compensation at the rate of pay provided for the position or class of service from which he was suspended, for the actual time lost as a result of such suspension. All hearings of the Commission in case of such suspension shall be public.

"The written statement above provided to be filed by the department head with the Commission, shall not only point out the civil service rule alleged to have been violated by the suspended employee, but shall contain the alleged acts of the employee which the department head contends are in violation of the civil service rules. It shall not be sufficient for the department head merely to refer to the provisions of the rules alleged to have been violated and in case the department head does not specifically point out the act or acts complained of on the part of such employee, it shall be the duty of the Commission promptly to reinstate him. In any civil service hearing hereunder, the department head is hereby restricted to his original written statement and charges, which shall not be amended, and no act or acts may be complained of by said department head which did not happen or occur within six (6) months immediately preceding the date of suspension by the department head. No employee shall be suspended or dismissed by the Commission except for violation of the civil service rules, and except upon a finding by the Commission of the truth of the specific charges against such employee.

"In the event the Commission orders that such suspended employee be restored to his position as above provided, it shall be the duty of the department head immediately to reinstate him as ordered and in event the department head fails to do so, the employee shall be entitled to his salary just as though he had been regularly reinstated. * * *"

Les Carter's dismissal was not accomplished in compliance with this statutory procedure for the removal of a policeman from service with the Texarkana Police Department. Arnold v. City of Sherman, Tex.Civ.App., 222 S.W.2d 314, 317, referring to the Act, says:

"* * * Such provisions of the statute comprehend the entire subject for the removal and suspension of firemen and policemen and create an independent exclusive method for such removal and suspension. The statute supersedes all former powers of the charter giving authority to a mayor, city council, or city manager, to remove at will all employees of said classified Civil Service Departments. * * *"

And it is a fundamental rule of construction that when an affirmative statute which is introductive of a new law, such as this Act, directs a thing to be done in a certain manner and the procedure for doing it, the statutory procedure must be followed exclusively. See Arnold v. City of Sherman, supra; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195, op. adopted.

Examination of Sec. 16 of the Act quoted above shows that there is no provision for the Commission to act upon a complaint made by a private citizen. The section is very clear that only the Chief or Head of the Police Department may suspend a policeman indefinitely, and only the Civil Service Commission, as a Board of Appeals, may order a policeman discharged from the service after finding the policeman guilty of the violation of a civil service rule specified in the department's Head or Chief's timely filed, written statement of reason for suspension and charges against the policeman.

The City and Civil Service Commission's brief suggests that the Commission's hearing and subsequent order is supported by the authority delegated to the Commission in Sec. 5a of the Act. This section authorizes the Commission to investigate and report upon the enforcement and effect of the provisions of the Act, and rules and regulations prescribed under authority of it, and ascertain compliance therewith, and to make inspections of departments, etc. However, this section does not authorize disciplinary discharges not made in accordance with the

procedure of Sec. 16. Nor will other sections of the Act relating to employment or reduction in force sustain the Commission's order.

The judgment of the district court is affirmed.

DAVIS, Justice (concurring).

It is with reluctance that I must concur with the foregoing opinion. However, since the Chief of Police refused to act upon the complaint when it was filed, I cannot conceive why the Civil Service Commission could not take action. Apparently no such action or appeal can be taken by the Commission when the Chief of Police does not act. This makes the law a rude law, and it should be amended immediately.

Under the record in this case, the Commission had every reason in the world to fire the policeman. It will not be necessary to restate the many charges of violations that were alleged and proved. As a matter of fact, this judgment is an indictment against the Commission, three of the most honorable men of the City of Texarkana.

I concur, with reluctance.