Clarence L. CROUCH, Appellant,

v.

CIVIL SERVICE COMMISSION OF TEXAS CITY et al., Appellees.

No. 260.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 23, 1970.

Rehearing Denied Sept. 21, 1970.

V. C. Brown, Texas City, for appellant.

Holman Lilienstern, Neugent, Lilienstern, Mabry & Douvry, Texas City, for appellees.

SAM D. JOHNSON, Justice.

Appellant, a police officer, was indefinitely suspended by the Texas City Police Chief for an infraction of the Civil Service rules and regulations of the City of Texas City. The Civil Service Commission, upon an appeal hearing, dismissed the appellant from the classified service. In a trial de novo, the district court rendered judgment for the Civil Service Commission.

The following sequence of events is reflected in the record:

1. On the night of November 29, 1966, the appellant and his partner were on routine patrol. Finding the door of a business establishment ajar they entered the building. While inside the building the appellant removed several transistor radios without the owner's permission. The appellant stated to the officer accompanying him that the radios would make good Christmas gifts.

2. On January 23, 1967, the Texas City Chief of Police questioned appellant about the radios. At this time, the Police Chief informed appellant that he was indefinitely suspended and gave him copies of the Order of Suspension and the Written Statement of Action. This latter document states the rule allegedly violated and contains the alleged acts of the officer which the department head contends are in violation of the rules.

3. On January 25, 1967, the Chairman of the Civil Service Commission received the Written Statement of Action and Order of Suspension from the Police Chief.

4. On January 25, 1967, the Police Chief wrote a letter to the City Secretary stating that appellant had been "discharged from the police department."

5. On January 27, 1967, the appellant submitted his resignation to the Police Chief by letter dated January 24, 1967. (Appellant contends that he thereafter attempted to withdraw his resignation prior to its acceptance. There is no specific recitation to this effect in the record, however, and the trial court did *not* so find).

6. On January 30, 1967, the police chief submitted appellant's letter of resignation to the Civil Service Commission.

7. On or about January 31, 1967, the appellant turned in his police badge, uniform and equipment at the police station; received the pay due him, vacation and sick leave, and longevity benefits from the City Secretary; and made written application to the Texas Municipal Retirement System for his accumulated benefits, wherein he stated that he had "terminated [his] employment" with the city.

8. On or before, but not later than, January 31, 1967, appellant's resignation was made known to the mayor and accepted by him. The mayor's acceptance of the resignation was made without knowledge that appellant wished to withdraw his resignation. In making such acceptance the mayor signed a payroll change form, showing date of signature January 31, 1967, authorizing removal of appellant's name from the City payroll. This is the usual method of completing resignations of employees of the City of Texas City. The mayor testified he accepted appellant's resignation promptly in an effort to accommodate the appellant and at the appellant's personal oral request to him.

9. At 8:00 a. m., January 31, 1967, the Civil Service Commission received from appellant a notice of appeal of the indefinite suspension.

10. At 3:00 p. m., January 31, 1967, the appellant personally delivered a letter to the Civil Service Commission requesting that his appeal be withdrawn and requesting the Commission's approval of his resignation.

11. At 5:00 p. m., January 31, 1967, the Civil Service Commission, meeting in a special session as requested by appellant, accepted appellant's resignation.

12. Sometime in the later part of January, 1967, in response to appellant's request, the police chief gave appellant a letter of clearance. The appellant stated that he needed the clearance to apply for employment with a private detective agency. The letter stated that there were no criminal charges or outstanding warrants against the appellant in Texas City.

13. Sometime *after* January 31, 1967, the appellant attempted to withdraw his resignation.

14. On February 4, 1967, the appellant, in letters to the Commissioners, requested reinstatement to his former position on the police force.

15. On June 10, 1968, the Civil Service Commission conducted the hearing which resulted in appellant's dismissal from the classified service of the City of Texas City.

The trial in the district court was before the court without a jury. The court found that appellant had voluntarily resigned and the resignation was accepted by the mayor without notice that appellant had attempted to withdraw his resignation. The attempted withdrawal of the resignation after its acceptance was held to be without effect. Because the resignation was effective, the court held that the Civil Service Commission was without jurisdiction to consider the appeal from the indefinite suspension. The court found, however, that the order of the Commission was reasonably supported by substantial evidence. The court further found that the action of appellant in turning in all equipment issued to him by the police department, receiving his pay, vacation and sick leave benefits from the City, and making application for his retirement deductions, were tantamount to abandonment of appellant's employment.

On appeal, the appellant contends that the trial court erred in finding appellant's resignation effective as it was obtained under duress and was validly retracted, that the Civil Service Commission's administration of appellant's appeal from the order of suspension was defective, that the trial court erred in finding substantial evidence reasonably supporting the decision of the Commission, that he was denied the constitutional right of confrontation with his accuser and denied due process and that the trial court erred in refusing to permit ap-

pellant to inspect the minutes of the Commission hearing.

Our Supreme Court, in the case of Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398, considered the resignation of Civil Service employees. The Court noted that since Chapter 325, Acts of the Regular Session 50th Legislature, V.A.C.S., Art. 1269m, entitled "Fireman's and Policeman's Civil Service—Cities of 10,000 or More" contains nothing whatever with respect to resignations of policemen it is necessary to look to the "generally accepted rule * * * that the resignation of a public officer must be tendered to the person having the authority to appoint a successor." The Court stated that the Civil Service Act authorizes the mayor of the city and not the chief of police to accept the resignations of policemen and make appointments to fill vacancies. The Court noted that while acceptance is necessary to the completion of a resignation, it "may be evidenced either by a formal declaration or by something tantamount to an acceptance. * * *" The Court observed that "if before it [the resignation] was withdrawn or retracted it had been called to the attention of the Mayor and had been accepted by the Mayor, it would thereby have been made effective."

Article 1269m was adopted by the City of Texas City in 1952, and we have no doubt that the Sawyer decision is applicable to the instant situation. Here the mayor's acceptance was effective in that he performed the usual and customary acts of resignation acceptance, intending to accept the resignation placed in his hands. The mayor testified that he accepted appellant's resignation promptly in an effort to accommodate appellant. He officially dated and signed the payroll change form, effectively severing appellant from the payroll, this being the usual method of completing resignations of employees of the City of Texas City. As this was the customary method of acceptance of a resignation, it was tantamount to accepting the resignation of appellant.

In the case at bar the appellant tendered his resignation which reached the mayor and was accepted by him not later than January 31, 1967. The mayor's acceptance of the resignation was made without knowledge that appellant had any wish to retract it. It was sometime after January 31, 1967, and not before, that appellant let it be known to the Civil Service Commission that he would like to have his job back and would like to withdraw his resignation. Appellant's resignation and the acceptance by the mayor meet the test of Sawyer v. San Antonio, however, and the trial court's finding that appellant's resignation was accepted by the mayor will not be disturbed since there is evidence of probative force to support it.

A resignation from public office which is the result of duress may, of course, be withdrawn or avoided. Willborn v. Deans, Tex.Civ.App., 240 S.W.2d 791 (1951), ref., n. r. e. In the instant case, however, the police chief testified in the trial court that the appellant "was not threatened in any manner" and there is other ample evidence from a number of sources in the record to support the contention that appellant's resignation was prompted by his desire to finalize the matter at the earliest possible time so that he might obtain a position with a private detective agency. The appellant failed to establish duress and the trial court's finding that the resignation was voluntary is sustained.

Appellant's resignation was effective on January 31, 1967, the date of the mayor's acceptance. The action of the Civil Service Commission after that date was without legal effect and appellant's points of error relating to the proceedings before the Commission need not be considered.

Appellant's remaining points of error are overruled.

Affirmed.