The COLONY MUNICIPAL UTILITY DISTRICT NO. 1 OF DENTON COUNTY, Texas, et al., Appellants,

v.

APPRAISAL DISTRICT OF DENTON COUNTY, Texas, et al., Appellees.

No. 18591.

Court of Appeals of Texas, Fort Worth.

Jan. 13, 1982.

Rehearing Denied Feb. 3, 1982.

Carrington, Coleman, Sloman & Blumenthal and Rod Phelan, Dallas, for appellants.

Philips, White, Davidge, Griffin, Shelton & Eames, Denton, and Mike Griffin, Miller Davidge, Mark White, Atty. Gen., Austin, and James P. Allison, Cooper, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

The Colony Municipal Utility District No. 1, of Denton County, Texas, Robert F. Brown, Welbourne W. Bray, Gary A. Green and Sandra Shearer have appealed from a judgment of the trial court which denied their petition to declare Texas Property Tax Code § 6.03(c), (f), (h), (i) and (d) (1979 pamp.) unconstitutional and denied an injunction restraining the Appraisal District, of Denton County, its board members, agents employees, etc. from enforcing such code provisions. We will use the term "Colony" to cover all appellants.

In short we are asked to hold the mentioned sections of the tax code unconstitutional. We decline to do so.

The gist of Colony's complaint is that it is deprived of equal protection and due process under both the federal and state constitutions.

Point of error no. 1 states that Colony's being excluded from voting for the Appraisal District's board of directors unconstitutionally deprives them of the right of a voice in selecting the chief appraiser and the review board. The appraiser runs the District and the review board hears the taxpayers' complaints. Also, the taxpayers of Colony are deprived of the right to participate in the legislative function of deciding whether Appraisal District's appraisal duties should be handled by someone other than Appraisal District itself. Colony's taxpayers are also deprived of the right to participate in determining the size and component parts of Appraisal Board's annual operating budget. Again a legislative function, participation, is denied Colony in its not being able to vote on changing the statutorily prescribed number of members of the review board.

Point of error no. 2 refers to Colony's exclusion from the legislative function of changing the statutorily prescribed number and method of selecting the members of the Appraisal Board's board of directors.

Point of error no. 3 refers to Colony's exclusion from participating in the legislative function of changing the statutorily prescribed method of allocating among the various taxing units in Denton County the costs of Appraisal District's operations.

■ The right of equal protection of laws and due process of law are rights vested only in persons—not in political subdivisions. *City of Trenton v. State of New Jersey*, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937 (1925); *City of Newark v. State of New Jersey*, 262 U.S. 192, 43 S.Ct. 539, 67 L.Ed. 943 (1923); *Pennsylvania v. New Jersey*, 426 U.S. 660, 96 S.Ct. 2333, 49 L.Ed.2d 124 (1976); *San Diego Unified Port District v. Gianturco*, 457 F.Supp. 283 (1978).

■ Even if we consider the individuals joined in the suit with Colony as persons (rather than directors of Colony) we are constrained to hold their personal rights have not been infringed.

We have been directed to no cases which directly address the type of constitutional challenge which is involved here. It has been stated that equal protection is not denied where a member of a board consisting of appointees does not "represent" the same number of people. *Hadley v. Junior*, 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed.2d 45 (1970). It has also been stated that constitutional prohibitions apply only to taxation which in fact bears unequally on persons and property of the same class and that mere differences in modes of assessments do not deny equal protection unless they are shown to produce such inequality. *Board of Equalization of City of Plano v. Wells*, 473 S.W.2d 88, 93 (Tex.Civ.App. Dallas 1971, no writ). The individuals do not contend that they have been unequally taxed.

The fact remains that the individuals are represented like the other residents of Denton County by their elected representatives on the county commissioners' court, the board of the school district in which they reside and the governing body of whatever city, if any, in which they reside.

We overrule all points of error and affirm the judgment of the trial court.