

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

June 13, 1984

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ron Patterson
Executive Director
State Property Tax Board
9501 North IH-35
Austin, Texas   78761

Opinion No. JM- 166

Re:   Selection process for members of an appraisal district board of directors under section 6.03 of the Tax Code

Dear Mr. Patterson:

You ask us a series of questions regarding section 6.03 of the Tax Code which governs the method of selection for members of an appraisal district board of directors. We will answer each of your questions in turn.

Section 6.03 of the Tax Code contains the following:

§6.03.   Board of Directors

(a)   The appraisal district is governed by a board of five directors. To be eligible to serve on the board of directors, an individual must be a resident of the district and must have resided in the district for at least two years immediately preceding the date he takes the office. An individual who is otherwise eligible to serve on the board is not ineligible because of membership on the governing body of a taxing unit. However, not more than one employee of a taxing unit may serve on the board at one time. If more than one employee is appointed to the board, the employee receiving the highest vote total serves, and the taxing unit that nominated each of the other employees appointed to the board shall name a replacement who is not an employee of a taxing unit.

(b)   Members of the board of directors serve two-year terms beginning on January 1 of even-numbered years.

(c)   Members of the board of directors are appointed by vote of the governing bodies of the

p. 729

incorporated cities and towns and the school districts that participate in the district and of the county. A governing body may cast all its votes for one candidate or distribute them among candidates for any number of directorships.

(d) The voting entitlement of a taxing unit that is entitled to vote for directors is determined by dividing the total dollar amount of property taxes imposed in the district by the taxing unit for the preceding tax year by the sum of the total dollar amount of property taxes imposed in the district for that year by each taxing unit that is entitled to vote, by multiplying the quotient by 1,000, and by rounding the product to the nearest whole number. That number is multiplied by the number of directorships to be filled. A taxing unit participating in two or more districts is entitled to vote in each district in which it participates, but only the taxes imposed in a district are used to calculate voting entitlement in that district.

(e) The county clerk shall calculate the number of votes to which each taxing unit is entitled and shall deliver written notice to the presiding officer of the governing body of each unit of its voting entitlement before October 1 of each odd-numbered year.

(f) Each taxing unit that is entitled to vote may nominate by resolution adopted by its governing body one candidate for each position to be filled on the board of directors. The presiding officer of the governing body of the unit shall submit the names of the unit's nominees to the county clerk before October 15. Before October 30, the county clerk shall prepare a ballot, listing the candidates alphabetically according to the first letter in each candidate's surname, and shall deliver a copy of the ballot to the presiding officer of the governing body of each taxing unit that is entitled to vote.

(g) The governing body of each taxing unit entitled to vote shall determine its vote by resolution and submit it to the county clerk before November 15. The county clerk shall count the votes, declare the five candidates who receive the largest cumulative vote totals elected, and submit the results before December 1 to the

governing body of each taxing unit in the district and to the candidates. The county clerk shall resolve a tie vote by any method of chance.

(h) If a vacancy occurs on the board of directors, each taxing unit that is entitled to vote by this section may nominate by resolution adopted by its governing body a candidate to fill the vacancy. The unit shall submit the name of its nominee to the county clerk within 10 days after notification from the board of directors of the existence of the vacancy, and the county clerk shall prepare and deliver to the board of directors within the next five days a list of the nominees. The board of directors shall elect by majority vote of its members one of the nominees to fill the vacancy.

You ask, first, "[i]s the selection process contained in section 6.03 of the Property Tax Code governed by the Texas Election Code?" We conclude that it is not. By its very terms, subsection (c) of section 6.03 of the Tax Code provides that "[m]embers of the board of directors are appointed by vote of the governing bodies . . . ." (Emphasis added). See also Tax Code §6.031. Article 1.01 of the Election Code, on the other hand, provides that "the provisions of this code shall apply to all elections and primaries held in this [s]tate . . . ." (Emphasis added). A court of appeals has referred to an appraisal district board of directors as "a board consisting of appointees" and declared that equal protection of the law is not denied where such board members do not represent equal numbers of people. Colony Municipal Utility District No. 1 of Denton County v. Appraisal District of Denton County, 626 S.W.2d 930, 932 (Tex. Civ. App. - Fort Worth 1982, writ ref'd n.r.e.). See also Walling v. North Central Texas Municipal Water Authority, 359 S.W.2d 546 (Tex. Civ. App. - Eastland 1962, writ ref'd n.r.e.) (method of selecting governing body of conservation and reclamation district substantially similar to that set forth in section 6.03 of the Tax Code held not to be a denial of a republican form of government nor a violation of the rule set forth in Baker v. Carr, 369 U.S. 186 (1962)). Because the members of the boards of directors for appraisal districts are appointed rather than elected, the procedure for selecting the members is not governed by the Election Code.

Second, you ask the following:

Are any or all of the following dates included in section 6.03(f) and (g) mandatory deadlines? If any of these dates are not mandatory, what should the county clerk consider the deadline for performance to be?

      (a)  Before October 15 -- the date for the unit to have submitted the names of the unit's nominees to the county clerk.

      (b)  Before October 30 -- the date for the county clerk to have prepared a ballot and delivered a copy of the ballot to the presiding officer of [the governing body of] each voting taxing unit.

      (c)  Before November 15 -- the date for the taxing [unit] to have voted by resolution and submitted it to the county clerk.

We conclude that the prescribed dates are directory and not mandatory. The determination of the particular deadline involves a matter of substantial compliance.

Generally, statutory provisions which regulate the duty of public officers and specify the time for performance of such duties are directory unless the statute forbids the exercise of such power after that time. Markowsky v. Newman, 136 S.W.2d 808 (Tex. 1940). Federal Crude Oil Company v. Yount-Lee Oil Company, 52 S.W.2d 56 (Tex. 1932). As the Texas Supreme Court declared in Chisholm v. Bewley Mills, 287 S.W.2d 943, 945 (Tex. 1956):

> There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. The fundamental rule is to ascertain and give effect to the legislative intent. Although the word 'shall' is generally construed to be mandatory, it may be and frequently is held to be merely directory. In determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction. (Emphasis added).

It is clear that the legislature intended that each taxing unit entitled to appoint members of the board of directors of an appraisal district have a voice in the selection of the appraisal district board of directors. See Colony Municipal Utility District No. 1 of Denton County v. Appraisal District of Denton County, supra. If we were to conclude that the appointment procedures were mandatory, we would doubtless promote the proper, orderly and prompt conduct of the process. However, such a construction could have the effect of denying the opportunity to be represented to those appointing taxing units which fail to comply timely with the provisions. Because we conclude that such a result is contrary to the manifest intent of the Legislature when it established the complex and elaborate appointing procedure in section 6.03, we hold that the provisions are directory and not mandatory.

Third, you ask

> What constitutes a valid submission of the names of a unit's nominees under section 6.03(f) and a valid submission of a unit's vote under section 6.03(g)?

You inform us that several taxing units merely called in their votes by telephone. Section 6.03(f) specifically provides that

> [e]ach taxing unit that is entitled to vote <u>may nominate by resolution adopted by its governing body</u> one candidate for each position to be filled on the board of directors. The presiding officer of the governing body of the unit <u>shall submit the names of the unit's nominees</u> to the county clerk before October 15. (Emphasis added).

Section 6.03(g) declares that

> [t]he governing body of each taxing unit entitled to vote <u>shall determine its vote by resolution and submit it to the county clerk</u> before November 15. (Emphasis added).

In <u>Civil Service Commission of the City of Texarkana v. Carter</u>, 344 S.W.2d 225, 227 (Tex. Civ. App. – Texarkana 1960, no writ), the court declared that

> it is a fundamental rule of construction that when an affirmative statute which is introductive of a new law, such as this [a]ct, directs a thing to be done in a certain manner and the procedure for doing it, the statutory procedure must be followed exclusively.

In this instance, we believe the statute contemplates that a written communication regarding the votes be provided the clerk.  Furnishing a copy of the resolutions would, in our opinion, best effectuate the intent of the statute.

Fourth, you ask:

> Does the county clerk have any authority or duty to investigate or act upon the qualifications of the nominees or candidates?

Generally, a public officer has no authority to perform an act not authorized or required of him by law.  Duncan v. State, 67 S.W. 903 (Tex. Civ. App. 1902, no writ).

> All public offices and officers are creatures of law.  The powers and duties of public officers are defined and limited by law.  By being defined and limited by law, we mean the act of a public officer must be expressly authorized by law, or implied therefrom.

Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660, 663 (Tex. 1935). This office has repeatedly held that a county clerk acts in a ministerial capacity in receiving certificates of nomination and in placing names of nominees on the general election ballot.  Where the certificate is regular on its face, the county clerk has neither the duty nor authority officially to determine questions of regularity or irregularity, a process which would depend upon an ascertainment and determination of facts extraneous to the certificate.  Attorney General Opinions WW-1359 (1962); WW-908 (1960); V-1529 (1952).  See also Attorney General Opinions H-1261 (county clerk must file proposed plat of a new subdivision which is clearly not defective on its face); H-1155 (1978) (clerk must file pleadings even though not certified); H-426 (1974) (clerk may reject instrument clearly defective on its face); C-695 (1966) (clerk must file deed referring to plat not recorded pursuant to article 974a, V.T.C.S.).  Neither the Tax Code nor any other statute confers the authority nor imposes a duty upon the county clerk to determine whether board nominees comply with the qualifications for office set forth in section 6.03(g).  Accordingly, we conclude that the county clerk may not so officially act.

Finally, you ask:

> May a unit cast its voting entitlement for a person other than one nominated and named on the ballot?  If so, should that vote be counted by the county clerk in declaring the results of the election?

For the reasons set forth in answer to your third and fourth questions, we conclude that a taxing unit may not cast its voting entitlement for a person other than one nominated and named on the ballot and that a county clerk is without authority to include any such vote in declaring the results of the election.

## S U M M A R Y

The selection process for appointing members of the appraisal districts' boards of directors set forth in section 6.03 of the Tax Code is not governed by the Texas Election Code. The dates set forth in subsections 6.03(f) and (g) are directory and not mandatory. A written communication regarding the votes of the taxing unit must be submitted to the county clerk. The county clerk has neither the duty nor the authority to determine the qualifications of nominees. A taxing unit may not cast its voting entitlement for a person other than one nominated and named on the ballot. The county clerk is without authority to include any such vote in declaring the results of the election.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton