

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 3, 1993

Honorable Fred Hill
Chair
Committee on Urban Affairs
Texas House of Representatives
State Capitol Extension, Room 2.704
Austin, Texas 78768-2910

Opinion No. DM-248

Re: Whether, under chapter 143 of the Local Government Code, a police officer who has resigned his commission may rescind his resignation and be reinstated, and related questions (RQ-532)

Dear Representative Hill:

You have asked us to issue an opinion answering several questions regarding a complaint submitted to the Civil Service Commission of the City of DeSoto, Texas. The subject of the complaint was the purported reinstatement of a police officer by that city's chief of police after he had resigned and then served for a few days as a commissioned officer on the police force of the City of Highland Park, Texas. There appears to be no contention that the resignation was not voluntary, effective, and complete; and we will assume accordingly.

You first ask whether this police officer, under chapter 143 of the Local Government Code, may rescind his resignation and be reinstated by the DeSoto chief of police. Chapter 143 contains the statutes that regulate municipal civil service systems for police departments and fire departments. There is no provision in chapter 143 that involves resignation by police officers and fire fighters except for section 143.088, which defines an offense for giving or accepting a bribe in return for retiring or resigning from a civil service position. Police officers are public officers, so it is appropriate to consult the general rules regarding resignations of public officers. *Sawyer v. City of San Antonio*, 234 S.W.2d 398, 401 (Tex. 1950).[1]

The stated purpose of chapter 143 "is to secure efficient fire and police departments composed of capable personnel who are free from political influence and who

---

[1]In Attorney General Opinion DM-212 (1993) we decided that city police officers, *inter alia*, do not hold as a matter of law, but may hold as a matter of fact, "civil office" as that term is used in the Texas Constitution at article XVI, section 40, which prohibits a person's holding of more than one "civil office of emolument." In that opinion we discussed the case of *Irwin v. State*, 177 S.W.2d 970, 974 (Tex. Crim. App. 1944), *overruled, Angel v. State*, 740 S.W.2d 727, 736 (Tex. Crim. App. 1987), which held that a police officer of an incorporated city is subject to the prohibition of article XVI, section 40; and we concluded "that the Texas courts would no longer follow the reasoning in *Irwin* to find that city police officers . . . hold civil offices as a matter of law under article XVI, section 40." Attorney General Opinion DM-212 at 5. The decision and reasoning of Attorney General Opinion DM-212 do not apply to the rule of *Sawyer v. City of San Antonio*, 234 S.W.2d 398, that police officers are public officers who are subject to the general rules regarding resignations of public officers.

have permanent employment tenure as public servants." Local Gov't Code § 143.001. The general rule is that the benefit of permanent employment tenure applies only to persons who remain in employment, and an employee who resigns loses all the benefits provided by the civil service act. 15A AM. JUR. 2d *Civil Service* § 58 (1976); *see, e.g., Nebraska ex rel. Schaub v. City of Scottsbluff,* 100 N.W.2d 202, 205 (Neb. 1960). It also is the general rule that once the resignation of a police officer has become effective by acceptance by an authorized power,[2] the resignation cannot be withdrawn even with that power's consent. *See Andrews v. Lamb,* 57 A.2d 365, 367 (N.J. 1948); 67 C.J.S. *Officers and Public Employees* § 104 (1978); *cf. Crouch v. Civil Serv. Comm'n,* 459 S.W.2d 491, 494 (Tex. Civ. App.–Houston [14th Dist.] 1970, writ ref'd n.r.e.) (where police officer's resignation had become effective by mayor's acceptance without knowledge of officer's desire to withdraw resignation, civil service commission's action thereafter in reviewing the matter was without legal effect).

We conclude that, under chapter 143 of the Local Government Code, once a police officer's resignation from a civil service position becomes effective by proper acceptance, the resignation may not be withdrawn even with the consent of the person who accepted the resignation. Therefore, a police officer in such circumstances may not be reinstated to his position because such an action is tantamount to a withdrawal of the resignation.

Your second question asks whether the DeSoto police chief may rehire the subject police officer by any method other than appointment from an eligibility list for police officers certified by the civil service commission. A resignation from civil service constitutes a complete break in service and a termination of all rights and duties. *Doering v. Hinrichs,* 43 N.E.2d 709, 710 (N.Y. 1942); 15A AM. JUR. 2d *Civil Service* § 58; 3 E. McQUILLIN, MUNICIPAL CORPORATIONS § 12.122 (3d ed. rev. 1990). Reentry into the civil service after resignation is, for purposes of seniority and promotion, a new beginning of service based on r new appointment, though called a "reinstatement." *Doering v. Hinrichs,* 43 N.E.2d at 711. We have found no statutory provision that would change these general rules; therefore, we conclude that the police officer must be treated as an applicant for a beginning position and may be appointed and eventually promoted only by the methods applicable to all applicants for beginning positions, as provided in subchapter B of chapter 143, Local Gov't Code §§ 143.021 - .038, and, to the extent applicable, subchapter G of chapter 143, *id.* §§ 143.101 - .134 (most of subchapter G applies to municipalities of 1.5 million persons or more).[3]

---

[2]The municipality's chief executive is the person authorized under chapter 143 to appoint persons to vacancies in the fire and police departments. Local Gov't Code § 143.026. Therefore, the chief executive is the only person authorized to accept resignations and a police officer's resignation does not become effective until it is accepted by that person. *Sawyer v. City of San Antonio,* 234 S.W.2d at 401-02.

[3]Note, however, that in a municipality of 1.2 million persons or more, the probationary period for reappointed police officers is six months, Local Gov't Code § 143.125, rather than the one-year period that would be applicable to first-time appointees, Local Gov't Code § 143.027.

Your third question asks whether the DeSoto Civil Service Commission has jurisdiction to investigate the matter of the purported reinstatement of the subject officer. We believe that the commission does have such jurisdiction. Section 143.009 authorizes the civil service commission to "investigate and report on all matters relating to the enforcement and effect of . . . chapter [143] and any rules adopted under this chapter and [to] determine if the chapter and rules are being obeyed." The reinstatement of the subject police officer relates to the enforcement of chapter 143, so the commission does have jurisdiction of the matter.

Your fourth question asks whether a police officer who was not appointed to his commission in accordance with chapter 143 is entitled to civil service status and, if he is not, you ask who has the power to remove him. Section 143.021, subsection (c), provides generally that "an existing position or classification or a position or classification created in the future either by name or by increase in salary may be filled only from an eligibility list that results from an examination held in accordance with this chapter." Any attempt to employ a police officer in a manner that is not in compliance with chapter 143 is a nullity. If the subject police officer was not reappointed in accordance with the civil service act after he resigned, then he is not entitled to civil service status.

The civil service commission's authority to suspend or dismiss a police officer derives solely from chapter 143. Section 143.052 of the Local Government Code provides that the head of a police department may suspend a police officer for a reasonable period of no more than 15 days or indefinitely for violation of a civil service rule and states that an indefinite suspension is equivalent to a dismissal.[4] Section 143.051 specifies the permissible grounds for the civil service commission to adopt in promulgating rules prescribing cause for removal or suspension of fire fighters and police officers and states that no rule prescribing such cause is valid unless it involves one or more of the permissible grounds. Sections 143.052 and 143.053 establish the procedure for a suspended fire fighter or police officer to appeal a suspension to the civil service commission. Section 143.053, subsection (e), requires the commission in its decision of the appeal to state whether the fire fighter or police officer is permanently dismissed, temporarily suspended, or restored to his or her former position or status. Nowhere in chapter 143 is the civil service commission authorized to suspend or dismiss a police officer or fire fighter except on appeal from a suspension or dismissal by the department head. We conclude that the following language from *Civil Service Commission v. Carter*, 344 S.W.2d 225 (Tex. Civ. App.--Texarkana 1960, no writ) (per curiam), construing the statutory predecessor to chapter 143, is still correct as applied to the current law:

> [O]nly the Chief or Head of the Police Department may suspend a
> policeman indefinitely, and only the Civil Service Commission, as a

---

[4]Section 143.052 applies by its terms only to a municipality with a population of less than 1.5 million persons. *Cf.* Local Gov't Code §§ 143.117, .119 (statutes regulating suspensions and dismissals in a municipality of 1.5 million or more). We assume that section 143.052 is applicable to the City of DeSoto.

> Board of Appeals, may order a policeman discharged from the service after finding the policeman guilty of the violation of a civil service rule specified in the department's Head [sic] or Chief's timely filed, written statement of reason for suspension and charges against the policeman.

344 S.W.2d at 227. In sum, the civil service commission has no authority to suspend or dismiss a police officer in the first instance.

Under chapter 143, only the police chief has the authority to initiate the process of removing a police officer from his or her position. *See Arnold v. City of Sherman*, 222 S.W.2d 314, 317 (Tex. Civ. App.--Dallas 1949), *rev'd on other grounds*, 226 S.W.2d 620 (Tex. 1950) (statutory predecessor of chapter 143 "supersedes all powers of the charter giving authority to a mayor, city council, or city manager, to remove at will all employees of said Civil Service departments"). The police chief's authority to dismiss the police officer, indeed, is broader than that provided in chapter 143 and is not absent in this case merely because none of the grounds for suspension or removal specified in section 143.051 apply to the subject officer.[5] As we have said, if the officer, whose resignation had become effective, was not reappointed to his position in substantial compliance with the requirements for appointment to a beginning position contained in chapter 143, then his reappointment is a nullity. He has no right to office and has no civil service protection under chapter 143. *See* Local Gov't Code § 143.003 ("Police officer' means a member of a police department or other peace officer who was appointed in substantial compliance

---

[5]The grounds under section 143.051 are the following:

    (1) conviction of a felony or other crime involving moral turpitude;

    (2) violations of a municipal charter provision;

    (3) acts of incompetency;

    (4) neglect of duty;

    (5) discourtesy to the public or to a fellow employee while the fire fighter or police officer is in the line of duty;

    (6) acts showing lack of good moral character;

    (7) drinking intoxicants while on duty or intoxication while off duty;

    (8) conduct prejudicial to good order;

    (9) refusal or neglect to pay just debts;

    (10) absence without leave;

    (11) shirking duty or cowardice at fires, if applicable; or

    (12) violation of an applicable fire or police department rule or special order.

Local Gov't Code § 143.051.

with this chapter"); *see also id.* § 143.027 (police officer appointed in substantial compliance with chapter and serves entire probationary period automatically has full civil service protection). Although unlawful holding of office is not a ground stated in section 143.052, the protection of that section applies only to duly appointed police officers and fire fighters. To interpret the section otherwise would result in the absurdity of denying the police chief the power to oust an employee who has no right to his position. The police chief should dismiss the police officer if the officer's resignation had become effective and the officer was not duly reappointed to a beginning position.[6]

If the police chief refuses in the first instance to suspend or dismiss the officer, there are other potential means of removing him. The city charter of DeSoto may grant general authority to the mayor, city counsel, or city manager to dismiss employees. Although such authority is superseded by the civil service law with respect to civil service employees, *see Arnold v. City of Sherman,* 222 S.W.2d at 317, the civil service law does not affect any other law regarding authority to terminate non-civil service employees, such as the police officer in question.

If there is no general termination authority in the city's charter that would be applicable to the officer, or if the duly authorized person or persons do not wish to exercise such authority, the commission may request that the attorney general or the county or district attorney seek ouster of the officer by way of a proceeding in *quo warranto. See* Civ. Prac. & Rem. Code § 66.002 (attorney general or county or district attorney may petition court for leave to file petition in *quo warranto*); *see also, e.g., Lewis v. Drake,* 641 S.W.2d 392, 394 (Tex. App.--Dallas 1982, no writ) (*quo warranto* generally is exclusive remedy to challenge authority of person to act as office holder). *Quo warranto* is available to remove "a person [who] usurps, intrudes into, or unlawfully holds or executes . . . an office." Civ. Prac. & Rem. Code § 66.001. Although we have found no Texas case recognizing that such a proceeding is available specifically for a police officer who unlawfully holds a civil service position, all the authorities we found from other states hold or imply that police officers of any rank hold "an office" and therefore an occupant of such an office could be subject to removal by *quo warranto. See Civil Serv. Comm'n v. Pekrul,* 571 A.2d 715, 719 (Conn. Super. 1989) (police officers, without regard to rank, are public officers whose title to their office may be challenged by *quo warranto* proceeding); *Cooper v. Town of Belleville,* 118 A. 332, 333 (N.J. 1921) (per curiam) (action for *certiorari* challenging salary awarded to city police patrolman on ground that he was neither *de jure* nor *de facto* patrolman was improper as attack on title to public office, which can be brought only by *quo warranto*); *cf. State ex rel. DeMint v. City of Chillicothe,* 601 N.E.2d 612, 614 (Ohio App. 1991) (where court had enjoined filling of fourth of four vacancies in police department, no action for *quo warranto* will lie

---

[6] You have not asked and we do not consider here whether the subject police officer is entitled to the emoluments he has received since his "reinstatement."

in favor of single relator to remove individuals from any of other three positions because removal not necessary to put relator in police officer position).[7]

Your final question asks who has the authority to enforce chapter 143. We assume you refer to the factual context you have presented to us. As we said above, under chapter 143 of the Local Government Code the police chief has the authority to remove a person who unlawfully holds a police officer position and the civil service commission has only appellate jurisdiction to remove such an officer, while under chapter 66 of the Civil Practice and Remedies Code the attorney general or the district or county attorney is authorized to initiate a *quo warranto* proceeding to oust the officer. Another source of authority to discharge the subject officer perhaps exists in a city charter provision authorizing the city council or the city's chief executive to discharge employees.

## S U M M A R Y

Under chapter 143 of the Local Government Code, once a police officer's resignation from a civil service position becomes effective by proper acceptance, the resignation may not be withdrawn even with the consent of the person who accepted the resignation. Therefore, a police officer in such circumstances may not be reinstated to his position because such an action is tantamount to a withdrawal of the resignation.

Chapter 143 requires a police officer seeking reappointment after a voluntary and effective resignation from a police department to be treated as an applicant for a beginning position. Therefore, such an officer may be appointed and eventually promoted only by the methods applicable to all applicants for beginning positions, as provided in subchapter B of chapter 143, Local Gov't Code sections 143.021 through 143.038, and, to the extent applicable, subchapter G of chapter 143. Local Gov't Code §§ 143.101 - .134.

The DeSoto Civil Service Commission has jurisdiction to investigate the matter of the purported reinstatement of an officer who has voluntarily and effectively resigned.

---

[7]Your fifth question asks whether the DeSoto police chief, who has the authority to remove a police officer not appointed in accordance with chapter 143, will violate that chapter if he does not act to remove the officer. Section 143.016 provides in part: "A fire fighter or police officer commits an offense if the person violates this chapter." We believe that if a police chief "reinstates" a police officer after that officer's voluntary, effective, and complete resignation, such action is a violation of section 143.026, which provides that only the municipality's chief executive shall appoint persons to beginning positions in the fire and police department. We are withholding an opinion on whether the chief's refusal to dismiss such an officer would run afoul of chapter 143 because the foregoing text suggests two alternative means of removing the officer that may make it unnecessary to consider forcing the police chief to remove the officer. If the alternatives are unavailable or unavailing, you may resubmit this question to our office.

A police officer who was not appointed to his commission in accordance with chapter 143 is not entitled to civil service status. Under chapter 143 of the Local Government Code the police chief has the authority to remove a person who unlawfully holds a police officer position, and the civil service commission has only appellate jurisdiction to remove such a person, while under chapter 66 of the Civil Practice and Remedies Code the attorney general or the district or county attorney is authorized to initiate a *quo warranto* proceeding to oust the person. Another source of authority to discharge the subject officer perhaps exists in a city charter provision authorizing the city council or the city's chief executive to discharge employees.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General