**WINERICH MOTOR SALES CO. v. GOMBERT et al. (No. 7744.)**

Court of Civil Appeals of Texas. San Antonio. March 23, 1927.

1. **Courts** ⊂170—**Justices of the peace** ⊂58 (5)—**Pleadings in justice's courts or county courts must give value of property to determine jurisdiction in foreclosure action.**

Pleadings in justice's courts or county courts must give value of property on which foreclosure of lien is sought in order to determine jurisdiction.

2. **Appeal and error** ⊂782—**Where record fails to show that justice's court or county court had jurisdiction, appeal will be dismissed.**

Where record fails to show that justice's court or county court had jurisdiction, Court of Civil Appeals cannot review judgment but must dismiss appeal for want of jurisdiction.

Appeal from District Court, Kendall County; J. A. Phillip, Judge.

Action in justice's court by Henry Gombert and another, doing business under the firm name of the Boerne Filling Station, against Rance Wilson, in which the Winerich Motor Sales Company was made a party. Judgment for plaintiffs in the justice's court and in the county court on appeal, and the Winerich Motor Sales Company appeals. Cause dismissed.

Wm. H. Russell, of San Antonio, for appellant.

S. P. Adams, of San Antonio, for appellees.

FLY, C. J. This suit originated in a justice's court, where appellees, Henry Gombert and S. Adams, doing business under the firm name of Boerne Filling Station, sued Rance Wilson on a promissory note for $87.93, bearing interest at 8 per cent. per annum and 10 per cent. attorney's fees. Winerich Motor Sales Company was brought into the suit in the justice's court on the allegation that said

corporation had "appropriated and converted" the casings to its own use and benefit. No value was given to the tires, although the foreclosure of a lien on them was sought and obtained. Judgment was rendered for $99.99 against Wilson, and the appellant herein.

The cause was appealed to the county court, where a like judgment was rendered, and the corporation has perfected an appeal to this court.

Both parties claim that this court has no jurisdiction of the cause; appellant because the record in the justice's court does not show that it had jurisdiction, and appellees because the amount involved is insufficient to give this court jurisdiction.

[1] It has been held, time and again, that the pleadings in justice's courts or county courts must give the value of property on which a foreclosure of a lien is sought in order to determine the jurisdiction. Birdsong v. Allen (Tex. Civ. App.) 165 S. W. 46.

[2] The record fails to show that the justice's court or the county court had jurisdiction, and, if they had acquired jurisdiction, no jurisdiction is shown by the record in this court; consequently this court cannot, as prayed for by appellant, reverse the judgment and dismiss the cause, but can only dismiss the appeal for want of jurisdiction.

The cause is dismissed.