## DOAN v. STAR HARDWARE & FURNITURE CO. (No. 7784.)

Court of Civil Appeals of Texas. San Antonio. May 18, 1927.

Rehearing Denied June 22; 1927.

1. Courts ⊙—170—Justices of the peace ⊙—58 (5)—Value of property sought to be subjected to lien must be shown to determine jurisdiction in justice and county courts.

In suits in justice and county courts, value of property sought to be subjected to lien must be shown, in order to determine jurisdiction.

2. Appeal and error ⊙—20—Court of Appeals has no jurisdiction, where jurisdiction of county court is not shown.

Where jurisdiction is not shown in county court, Court of Appeals is without jurisdiction on writ of error.

On Motions for Rehearing.

3. Appeal and error ⊙—782—Appellate court, lacking jurisdiction, has no authority except to dismiss appeal.

Where appellate court is without jurisdiction, it has no authority to take any action except to dismiss appeal.

4. Courts ⊙—23—Parties cannot confer jurisdiction on court by agreement.

Parties cannot by agreement confer on justice court jurisdiction of cases in which law gives jurisdiction to county and district courts.

Error from San Patricio County Court; J. C. Russell, Judge.

Suit by the Star Hardware & Furniture Company against T. L. Doan. Judgment for plaintiff, and defendant brings error. Appeal dismissed.

Jas. G. Cook, of Sinton, for plaintiff in error.

W. B. Moss, of Sinton, for defendant in error.

FLY, C. J. [1] The Star Hardware Company sued T. L. Doan in the county court of San Patricio county on a promissory note for $301.50, and sought a foreclosure of a chattel mortgage to secure the note on one two-row John Deere cultivator, one two-row John Deere planter, one brown mare, one sorrel mare, and one bay mare; the first mares being 15 hands high and each weighing 1,000 pounds, the bay mare being 16 hands high and weighing 1,200 pounds. No value was given of the property on which the foreclosure was sought. In justice and county courts the value of the property sought to be subjected to a lien must be given in order to determine jurisdiction. Winerich Motor Sales Co. v. Henry Gombert et al., 293 S. W. 1113, by this court. There are numerous authorities to the same effect.

[2] Jurisdiction not being shown in the county court, this court has no jurisdiction. The appeal is dismissed.

On Motions for Rehearing.

[3] It is insisted that this cause should not have been dismissed, although this court or the county court may have been without jurisdiction. To this we cannot agree, for, if this court is without jurisdiction, it has no authority to take any action except to dismiss. This seems too clear for argument. As said by the Supreme Court of the United States in Ex parte McCardle, 74 U. S. (7 Wall.) 506, 19 L. Ed. 264:

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and, when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle."

[4] In regard to defendant in error's contention that jurisdiction was agreed to by plaintiff in error, it may be suggested that parties cannot set aside by agreement the law so as to give a justice's court jurisdiction of cases of which the law gives county or district courts jurisdiction.

The motions for rehearing are overruled.