74 P.2d 1084, 1085; People v. Daniels, 25 Cal.App.2d 64, 76 P.2d 556.

The statute is strictly penal in nature, and was enacted solely to protect the interests of the public. While the law does not specifically provide that a contract made in violation of this Act shall be void, yet, when the Act as a whole is read, and the purposes for which it was passed are considered, we think the very letter and spirit of the law is to absolutely prohibit sales of securities not made under the terms of this law. The very language used in the Act excludes the theory that it was enacted in any manner as a revenue measure. The construction of this Act resolves itself into one of legislative intent, which is to be determined from the terms used and the object in view in enacting the law. The conclusion is inescapable that a contract made in violation of its terms is not enforcible. Any other construction would nullify the very purpose for which it was enacted.

The State has the power to enact statutes to protect the public from fraud and imposition, prohibiting certain things from being done and imposing a penalty. The great weight of authority sustains the rule that the legislature has the power to enact such laws, and that all contracts in violation thereof are void. Rogers v. Traders & Gen. Ins. Co., Tex.Com.App., 139 S. W.2d 784, 128 A.L.R. 1305; Pollock's Principles of Contract, 293; Drury v. Defontain, 1 Taunt. 136; Myers v. Meinrath, 101 Mass. 366, 3 Am.Rep. 368; Lyon v. Strong, 6 Vt. 219; Harris v. Runnels, 12 How. 79, 13 L.Ed. 901; Gibbs v. Gas Co., 130 U.S. 396, 9 S.Ct. 553, 32 L.Ed. 979; Miller v. Ammon, 145 U.S. 421, 12 S.Ct. 884, 36 L.Ed. 759, and cases cited; Cashin v. Pliter, 168 Mich. 386, 134 N.W. 482, Ann. Cas.1913C, 697; Shattuck v. Watson, 164 Mich. 167, 129 N.W. 196; 17 C.J.S., Contracts, p. 656, § 272; 12 Am.Jur., p. 658, § 163.

The spirit of comity that exists between the Court of Criminal Appeals and the Supreme Court has long been recognized, and each court recognizes the supreme authority of the other court in certain fields. This Court has followed, and will follow, the Court of Criminal Appeals in its interpretation of penal laws. Caples v. Cole, 129 Tex. 370, 102 S.W.2d 173, 104 S.W.2d 3; Roberts v. Gossett, Tex.Civ. App., 88 S.W.2d 507; 11 Tex.Jur., p. 853. In two well-considered cases the Court of Criminal Appeals has construed and upheld the validity of this Act. That court has held that an assignment of an oil and gas lease is a security, and has upheld convictions for violations of the law. Atwood v. State, 135 Tex.Cr.R. 543, 121 S.W.2d 353; Muse v. State, 137 Tex.Cr.R. 622, 132 S.W. 2d 596.

In our opinion, the construction given this Act by the Court of Criminal Appeals conflicts with the construction given it by the Court of Civil Appeals in this case. We are constrained, in view of the long-existing comity between the two courts, to sustain the holdings of the Court of Criminal Appeals in the two cases above cited.

Under the undisputed facts of this case, and under the above-mentioned Act, as construed and interpreted by the Court of Criminal Appeals in the Atwood and Muse cases, supra, Clark acted in violation of the criminal law in doing the things that he claims he did to earn the commissions here sued for. It follows that he has no legal claim on which a judgment in his favor can stand.

The judgments of the District Court and Court of Civil Appeals are both reversed, and judgment is here rendered for defendants.

### SCHULZE et al. v. LIGHT et al.
### No. 5191.

Court of Civil Appeals of Texas. Amarillo.

Sept. 16, 1940.

James Spiller and Curtis Douglass, both of Panhandle, for appellants.

H. H. Smith, of Panhandle, and Light & Light, of Liberal, Kan., for appellees.

FOLLEY, Justice.

This suit was filed in the District Court of Carson County, Texas, by C. M. Light and six other individuals, appellees, who were alleged to have been partners doing business under the firm name of "Light Grain & Milling Company" and to have resided in Seward County, Kansas. They sued the appellants, A. R. Schulze and wife, Bula Schulze, who were alleged to have been doing business under the firm name of Schulze Bakery at Panhandle, Texas. The suit was to recover judgment for a debt of $745.58, with interest and attorneys' fees, as evidenced by a note in such amount executed by Schulze and wife payable to "The Light Grain and Milling Co." and to foreclose a chattel mortgage upon certain property used in connection with such bakery, said mortgage executed by the appellants to secure said note.

The appellants answered by the general issue. Upon a trial before the court without a jury judgment was rendered for the appellees for their debt with interest and attorneys' fees totaling $847, and for foreclosure of their chattel mortgage lien upon the property described in their petition.

This appeal is before us without a statement of facts. All fact issues must therefore be resolved in favor of the validity of the judgment.

The appellants, however, attack the sufficiency of the pleading of the appellees, asserting that the same was subject to a general demurrer because the proper parties were not shown in the petition nor was their capacity to sue properly set out. Our interpretation of the complaint in this respect is that appellants contend the suit was brought by the Light Grain & Milling Company, a co-partnership, as a legal entity and not by the members of such partnership. This contention is, in our opinion, without merit. The plaintiffs are named individually at the beginning of the petition and the most reasonable construction of the petition is that they sue as such and not as a partnership. Although they asserted they were partners and composed the partnership named, there is no indication from the pleading as a

202

whole that they were suing in the name of the partnership as a legal entity. The court in the judgment did not so interpret the pleading but on the contrary rendered judgment, not for the partnership as such, but for the partners individually.

We also fail to see any merit in appellant's further contention that there is fundamental error in the judgment because of the allegations that the note was payable to "The Light Grain and Milling Co.", and that the mortgage was in favor of "The Light Grain & Milling Co.". The complaint in this respect is predicated on the use of the word "and" with reference to the name of the partnership mentioned in the note and the use of the character "&" as used in the name of the partnership in the mortgage. If this discrepancy in the name of the partnership was material it would not, in our opinion, present fundamental error since this suit was not brought by the partnership but by the partners composing it, whatever might be its name.

The contention is also made that error is apparent in the record in that the copies of the note and mortgage attached to and made a part of the pleading of the appellees did not show that the required revenue stamps were attached to said instruments and that by reason thereof neither the note nor the mortgage could legally become the subject of litigation. Although the appellants do not refer in their brief to any particular statute that they have mind in this regard, undoubtedly they refer to the requirements outlined in article 7047e, Vernon's Annotated Civil Statutes of Texas, with reference to payment of a stamp tax on obligations filed for record. We do not understand that the effect of this statute vitiates the note or the mortgage when such tax is unpaid but is merely one of the requirements which must be performed before the mortgage or other instrument may be recorded. We know of no law which requires the recording of a mortgage in order to create an obligation between the parties thereto. Moreover, the alleged copies attached to the pleadings would require no revenue stamps if such was required of the. original instruments, and in the absence of a statement of facts it will be presumed the proper revenue stamps appeared on such instruments. This assignment is overruled.

The appellants further contend there is fundamental error in the judgment by reason of the fact that the value of the mortgaged property was not alleged in appellees' petition. The amount of the note·was well within the jurisdiction of the district court. This being true the value of the mortgaged property became immaterial. 11 Tex.Jur. 744, para. 28. Appellants, no doubt, have confused the rule in this respect relative to district courts with the rule applied to inferior courts. The rule as applied to the county and justice courts has been announced in many cases, among which are the following: Campsey v. Brumley, Tex.Com.App., 55 S.W.2d 810; Brown et al. v. Peters, 127 Tex. 300, 94 S.W.2d 129; Parsons v. John Deere Plow Co., Tex.Civ.App., 113 S.W.2d 970; McIntyre v. Oliver Motor Co., Tex.Civ.App., 20 S.W.2d 241; Reeves v. Faris, Tex.Civ. App., 186 S.W. 772, and authorities therein cited; Winerich Motor Sales Co. v. Gombert et al., Tex.Civ.App., 293 S.W. 1113. The rule announced in these authorities, and others upon the subject, applies only to courts with maximum limits on their jurisdiction. In suits brought in the district court where the amount of the debt exceeds $500, it is not necessary for the pleadings to allege the value of the mortgaged property because there is no maximum limit to the jurisdiction of such court. Austin Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 29 S.W. 646. This assignment is also overruled.

The judgment is affirmed.