**Otis VENABLE et ux., Appellants,**

**v.**

**Frank PATTI, Appellee.**

**No. 8120.**

Court of Civil Appeals of Texas. Texarkana.

Jan. 9, 1973.

Rehearing Denied Jan. 16, 1973.

G. C. Butler, Bonham, for appellants.

David M. Stagner, Denison, for appellee.

CHADICK, Chief Justice.

■ The first question for consideration, though not the first to be briefed by the appellants Otis Venable and wife, Bithy Venable, is whether or not appellee Frank Patti has sufficient title to the land in suit to maintain an action in trespass to try title for its recovery. A possessory title is essential to such an action. 56 Tex. Jur.2d Trespass to Try Title, Section 9. Mr. Patti claims title to the land by virtue of a written Contract of Sale and Purchase made pursuant to the provisions of Vernon's Tex.Rev.Civ.Stat.Ann. art. 5421m (Texas Veteran's Land Program). On March 31, 1966, the Veteran's Land Board of the State of Texas, as Seller, entered into the mentioned contract with Frank F. Patti,[1] designated as Buyer. The law establishing the Veteran's Land Program and the rules, regulations and resolutions of the Veteran's Land Board are expressly adopted in the instrument as parts of the contract between the parties. Though containing many supplementary and auxiliary provisions, the agreement primarily obligated the Veteran's Land Board to deed Frank F. Patti the land described in the contract on payment of the indebtedness described therein.

■ In a different context, but with respect to land claimed under a Veteran's Land Board contract, in Bellah v. The First National Bank of Hereford, 478 S. W.2d 636 (Tex.Civ.App. Amarillo 1972, writ ref'd, n. r. e.), it is said: "Although the legal title to the land is vested in the State, the purchaser, upon execution of the contract of sale and purchase and entry into possession, becomes vested with equitable title." A consideration of the statutory framework of the Veteran's Land Program discloses a legislative intent and design that Veteran's Land Board contracts of the nature under examination convey and vest a possessory title to land in the buyer. This intent is to be found in provisions authorizing the buyer to execute leases of limited duration, particularly oil, gas and mineral leases, to sell timber, sand and gravel, etc. Also, in connection with provisions for the forfeiture of contracts of sale and purchase, the law provides that, "* * * full title to the land, including both the surface and mineral estates, shall revest in the Board * * *" when a contract is forfeited. The clear implication of the statute is that a contract will vest a possessory title in the buyer, subject to forfeiture for nonpayment of consideration or other reason specified. The statutory title conveyed by the mentioned contract, whether regarded as legal or equitable, is one entitling the buyer to possession and is sufficient to maintain a trespass to try title action.

The trial court rendered judgment notwithstanding the verdict of the jury and awarded Frank Patti recovery of the land in suit and relief supplemental and incidental thereto, including costs. The judgment must be affirmed. The record is conclusive that Patti went into possession of the land on March 31, 1966, the date of his contract with the Veteran's Land Board, and relinquished possession to the Venables on or about December 12, 1968. The Venables took possession when Patti relinquished it to them on the last mentioned date and were still in possession at the

[1]. Frank Patti and Frank F. Patti are one and the same person.

time of trial.[2] Simple calculation of time shows that prior to trial of this suit Frank Patti did not *enjoy possession* of the land for a period of three years.

The length of Patti's possession is decisive because Article 5421m, Section 17 regulates and circumscribes resale of land purchased by a veteran, such as Patti, under the Veteran's Land Program. The mentioned section of the Article provides that no property sold by the Veteran's Land Board as in this case, "shall be transferred, sold, or conveyed in whole or in part, until the original veteran purchaser has enjoyed possession for a period of three (3) years from the date of purchase of said property," and otherwise complies with the terms and conditions of Article 5421m and the rules and regulations of the Veteran's Land Board; with provisos that make certain exceptions which are not shown to be applicable in this case. The statute expresses public policy and constitutes a limitation on the right and power of a purchaser, such as Frank Patti, to alien or transfer the property purchased from the Board for a three-year period after date of the purchase.

Frank Patti not having theretofore enjoyed possession of the land for three years, the agreement to sell was in direct contravention of Article 5421m and the public policy expressed therein and is not enforceable. Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675 (1938); Kadane v. Clark, 135 Tex. 496, 143 S.W.2d 197 (1940); Continental Fire & Cas. Ins. Corp. v. American Mfg. Co., 221 S.W.2d 1006 (Tex.Civ.App.Fort Worth 1949, writ ref'd); 13 Tex.Jur.2d, Sec. 168 and 169.

Reversible error is not shown. As previously noted, the judgment of the trial court must be and is affirmed. In order to make slight editorial change, the opinion filed December 12, 1972, is withdrawn and this substituted for it.

---

2. The Venables answered Patti's trespass to try title allegation by plea of "not guilty"; alternatively they plead (Par. I, Def. First Amended Original Answer) that they had been in peaceful and continuous possession of the land prior to trial; and (in Par. II) alleged that on or about December 12, 1968, Patti sold to the Venables his entire interest in the land. Additionally, the jury found (Sp. Issue 1D) that Patti and the Venables agreed on or about December 12, 1968, that the Venables "would take possession of the land in question immediately."