**Gilbert SHORT et ux., Appellants,**

v.

**Richard LYNESS et ux., Appellees.**

**No. 5925.**

Court of Civil Appeals of Texas, Waco.

Sept. 28, 1978.

Rehearing Denied Oct. 19, 1978.

---

Tommy Altaras, Cleburne, for appellants.

Harry L. Dulick, McPherson & Dulick, Cleburne, for appellees.

HALL, Justice.

This is a trespass to try title action filed January 12, 1977, by plaintiffs-appellees Richard C. Lyness and wife against Gilbert Short and wife to recover title and possession of a 0.149-acre tract of land located in Johnson County. Plaintiffs based their suit for title solely upon their claim of ten years' adverse possession of the tract by them and their predecessor, under the provisions of Articles 5510 and 5516, Vernon's Tex. Civ.St.[1] Plaintiffs also sought $250.00 damages for destruction of a fence by defendants.

Trial was to a jury. A single special issue was submitted to the jury, reading as follows:

"Do you find from a preponderance of the evidence that [plaintiffs], and those under whom they claim, have had and held peaceable and adverse possession of the property in controversy, using, cultivating, or enjoying the same, for a period of ten consecutive years or more, prior to the filing of the suit on January 12, 1977?

"Answer: Yes or No."

The jury answered the issue, "Yes."

Based upon the jury verdict, judgment was rendered vesting title to the tract in plaintiffs and awarding them possession. They were also awarded $100.00 damages. Defendants appeal, asserting that the evi-

1. Art. 5510. Ten years' possession. Any person who has the right of action for the recovery of lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward.

Art. 5516. Possession by different persons. Peaceable and adverse possession need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them.

dence is legally and factually insufficient to support the jury's answer to the special issue. We overrule those contentions and affirm the judgment.

■ It is settled that in deciding a "no evidence" complaint we must view the evidence in its most favorable light in support of the finding, and we may consider only the evidence and inferences which support the finding. *Lucas v. Hartford Acc. & Indem. Co.,* 552 S.W.2d 796, 797 (Tex.Sup. 1977).

Throughout their testimony, the witnesses related their statements to eleven photographs and to blackboard drawings. The drawings are not a part of the appellate record; and rather than the original photographs we have only electronic reproductions which are difficult for us to interpret. Additionally, the witnesses' testimony was riddled with references to unidentified locations on the photographs and the drawings, like, "up there that way," "over there that way," "in this area," "back here," "out there," "out here like this," and "right through here," which we find unintelligible. Nevertheless, we believe the following plat and evidence is a fair interpretation of the record under the rule of review set forth above.

The properties owned by the parties are bounded on the east by State Highway 917, and are located near the rural community of Egan in northern Johnson County.

The disputed tract is located within lines AB, BC, CD, and AD on the plat. AB is 301.96 feet in length, BC is 55.7 feet, CD is 33.2 feet, and AD is 359.91 feet. Plaintiffs

purchased their acreage with a house on it from C. A. Collins on January 18, 1974. On September 4, 1976, defendants purchased 3.83 acres which adjoin the north side of plaintiffs' property. The disputed tract is contained in the metes and bounds description set forth in defendants' deed; it is not contained in the field notes in plaintiffs' deed. Plaintiffs' deed calls for line AD as its north boundary line, and an extension of line CD, south, for its west boundary, which is the rear of the property.

Collins's deed contained the same description that is set forth in plaintiffs' deed. When he purchased the property in 1948, there was a fence at the rear of the property from point D along the southerly extension of line CD; a fence for a distance of at least 150 feet from C to B and on toward A, but not to A, to a point along the side of his house; remnants of a fence from the end of that fence to A; and a cedar post at A, which is in the west line of State Highway 917. In 1950 he extended his rear fence from C to D. He testified that he did not ask anyone if he could erect the extension because "it was on my property. I didn't have to ask anybody if I could put it up." He bought the property from "post to post" and believed his deed included the tract now in dispute. He also sold the land to plaintiffs "from post to post" and they purchased it in that fashion believing the disputed tract was included in the description in their deed. Until this dispute arose, there was never a fence along line AD.

From 1948 until his sale to plaintiffs in 1974, Collins used the western part of the tract in question, behind his house, for grazing stock and for chicken coops. The balance was used as the yard to his house, and was a part of his front yard, and he kept it mowed and tended out to the highway. His use was obvious to all, the area of his use was well-defined by his upkeep, and he claimed the land as his own, believing it was included in his deed. There is no evidence that anyone ever questioned his use or ownership of the tract.

After plaintiffs' purchase from Collins, they used the part of the disputed tract behind their house for grazing stock, and continued Collins's prior use of the remainder as the side and front yard to their house, mowing and fertilizing it. Additionally, along the side of their house they stored materials on it which they were using in making an addition to the house; and they placed playground equipment for their children on the eastern part of it which formed a part of their front yard. They claimed the land as their own, and believed it was included in their deed.

After defendants purchased the 3.83 acres in September, 1976, they caused a survey to be made, and then, over plaintiffs' protest, erected a fence along line AD, and tore down the fence from C to D and the fence extending part of the way along the line from C to B to A. As we have said, until that time no fence had ever been constructed on line AD. This lawsuit followed.

■ The evidence we have recited is legally sufficient to support the jury's answer to the special issue. Our review of the entire record convinces us that the finding is not against the great weight and preponderance of the evidence.

Specifically, defendants assert that Collins's and plaintiffs' use of the land was not sufficient to support a finding of adverse possession. They also say that the fact that the fence along line CA did not extend all the way to the highway defeats plaintiffs' claim of appropriation of the tract by them and Collins as a matter of law.

■ The use and enjoyment of land necessary to make its possession adverse under our limitation statutes is only that to which the land is adaptable and capable of being used. *Wallis v. Long,* 75 S.W.2d 138, 142 (Tex.Civ.App.—Galveston 1934, writ ref'd). The use of the small tract in question in connection with the claimants' rural home for grazing stock, raising chickens, and for a yard were certainly uses for which the tract was reasonably adaptable and capable of being used.

■ An inclosure of land is not essential to adverse possession. *Tarver v. Na-*

*man,* 265 S.W.2d 852, 856 (Tex.Civ.App.—Waco 1954, writ ref'd n. r. e.). "If the limitation claimants' possession and use of the land to defined and marked boundaries, whether fenced or not, were sufficiently peaceable, open, notorious and adverse to give fair notice of the extent and hostility of their claim and obtained for a sufficient length of time, the requirements of the statute would be satisfied." *McCall v. Grogan-Cochran Lumber Co.,* 143 Tex. 490, 186 S.W.2d 677, 680 (1945). In our case, the evidence that Collins's and plaintiffs' use and possession of the tract extended to defined and marked boundaries, parts of them fenced, and were peaceable, open, notorious and adverse for 38 years, met the requirements of the statute.

Defendants' points and contentions are overruled. The judgment is affirmed.