**Eunice Henderson MURREN, Appellant and Cross-Appellee,**

**v.**

**E. Ralph FOSTER, Appellee and Cross-Appellant.**

**No. 07–82–0334–CV.**

Court of Appeals of Texas, Amarillo.

May 31, 1984.

Jack Hazlewood, Amarillo, for appellant and cross-appellee.

Frederick Wolfram, Amarillo, for appellee and cross-appellant.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Eunice Henderson Murren appeals from that portion of a summary judgment which removes from record her claim to an undivided one-third interest in real property, the title to which was quieted in E. Ralph Foster, who appeals from that portion of the judgment which decrees that he take nothing on his claim for damages from Mrs. Murren for slander of title. Concluding that Foster established his entitlement to summary judgment quieting his title to the property, but that Mrs. Murren did not summarily defeat his claim for damages, we affirm in part and reverse and remand in part.

The summary judgment record reveals that:

1. On 8 July 1963, the Veterans' Land Board of Texas and Galen P. Foster entered into a contract of sale and purchase whereby the Board agreed to sell, and Foster agreed to buy, 9.036 acres of land described by metes and bounds in Section 17, Block 9, B.S. & F. Surveys in Potter County;

2. On 9 February 1965, Galen P. Foster and Edwin B. Henderson, a single man, executed a contract of sale by which Foster agreed to sell and convey to Henderson a one-third undivided interest in the real property;

3. On 30 May 1966, Henderson married Eunice Henderson;

4. On 27 May 1968, Galen P. Foster signed a statement certifying that the 1 May 1968 Veterans' Land payment was paid by the rent payment of Amarillo Swine Breeders Association and releasing Henderson from his portion of the May 1 payment;

5. On 14 April 1974, Henderson died, survived by his widow and his parents;

6. On 29 April 1975, the surviving parents signed a warranty deed conveying their interest in the real estate to Eunice Henderson, who subsequently remarried and now is Eunice Henderson Murren, the appellant and cross-appellee;

7. On 13 February 1981, the Veterans' Land Board of Texas executed a deed conveying the real property to Galen P. Foster;

8. On 9 April 1981, Galen P. Foster executed a warranty deed conveying the real property to E. Ralph Foster, Jr., the appellee and cross-appellant;

and that these facts are undisputed.

The 8 July 1963 Board-Foster contract of sale and purchase recites that it is in accordance with the provisions of "Acts 51st Leg., R.S., 1949, Chap. 318, ... which is made a part of this contract for all purposes." The Act was codified as Article 5421m of the Texas Revised Civil Statutes Annotated (Vernon 1962). In 1977, the 65th Legislature repealed Article 5421m

when it enacted the Natural Resources Code and included the Veterans Land Board as section 161 thereof. *See* Tex.Nat. Res.Code Ann. § 161.001 *et seq.* (Vernon 1978; Vernon Supp.1984).

At the time the contract was executed, section 17 of the existing Act provided, *inter alia* and with exceptions not involved here, that

The Board is empowered in each individual case to specify the terms of the contract entered into with the purchaser, not contrary to the provisions of this Act, but no property sold under the provisions of this Act shall be transferred, sold, or conveyed in whole or in part, until the original veteran purchaser has enjoyed possession for a period of three (3) years from the date of purchase of said property ....

The contract itself specifically provided that

7. Buyer [Galen P. Foster] understands that the property purchased hereunder shall not be transferred, sold or conveyed until he shall have enjoyed possession for a period of three (3) years from purchase date ....

The prohibition against transferring, selling or conveying the property for three years remained constant in the Act and was reenacted as section 161.224(a) of the Natural Resources Code.

E. Ralph Foster initiated the underlying action against Mrs. Murren when, in connection with his contract to sell the property to a bank, the bank objected to his title on the basis of the recorded 1965 Foster-Henderson contract of sale and the Hendersons' 1975 deed of conveyance. He sought judgment declaring the contract and the deed to be null and void, removing all clouds created by these instruments from his title, and awarding him damages for Mrs. Murren's slander of his title. After responding to Foster's pleadings and disclaiming to the extent of an undivided two-thirds interest in the real estate, Mrs. Murren prayed for judgment that Foster take nothing and that she recover her title and possession of the property, together with attorney's fees.

Following the taking of depositions, Foster moved for summary judgment on all issues except exemplary damages, supporting his motion with certified copies of the recorded instruments listed above and his affidavit. A ground for the motion material to the appeal was that the 1965 Foster-Henderson contract of sale is void under the law, which negates Mrs. Murren's title, and that he established his actual damages as a matter of law.

Mrs. Murren responded to Foster's motion, denying his entitlement to judgment and, based upon the pleadings, the instruments listed above, the depositions and affidavits, moved for summary judgment decreeing her ownership of an undivided one-third interest in the real property and reserving the issue of her claim for attorney's fees. As material here, her motion was grounded on the efficacy of the 1965 Foster-Henderson contract of sale as a conveyance, the acknowledgment and confirmation of which was evidenced by Galen P. Foster's 27 May 1968 statement.

Foster answered, submitting that the 1965 Foster-Henderson contract of sale is void and not subject to ratification. In response, Mrs. Murren pleaded that Foster was a stranger to the contract and, therefore, does not have standing to assert that it was void.

Hearing the motions, the court found there is no genuine issue of the material facts that the 1965 Foster-Henderson contract of sale is void for its violation of the statute—*i.e.,* Tex.Nat.Res.Code Ann. § 161.224(a) (Vernon 1978) and its predecessor Tex.Rev.Civ.Stat.Ann. art. 5421m, § 17 (Vernon 1962)—prohibiting the sale, that the 29 April 1975 deed conveyed no interest in the real property to Mrs. Murren, and that the instruments constitute clouds upon Foster's title to the land. Accordingly, the court granted Foster's motion on these issues, denied Mrs. Murren's motion, and rendered judgment decreeing that the 1965 Foster-Henderson contract of sale and the Hendersons' 1975 deed are

held to be void, cancelled and removed as clouds on Foster's title, and that Foster's title to the land is quieted. Since the judgment did not dispose of all of the issues and a severance was not ordered, the judgment was interlocutory and not appealable. *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company,* 159 Tex. 550, 324 S.W.2d 200 (1959).

Thereafter, Mrs. Murren filed her second motion for summary judgment, seeking to be absolved of any liability for slander of Foster's title. The motion, premised on the summary judgment record and supported by affidavits, is grounded on the theory that the filing of the Hendersons' 1975 deed was on the good faith belief that she is the holder of an interest in the property, and that the actions she took and every statement she made were upon the advice of her attorney.

Foster responded to the motion. By an answer, he challenged areas of Mrs. Murren's affidavit and, by his affidavits, he disputed her claim of good faith and alleged that she bore him ill will.

■ The court heard and granted Mrs. Murren's motion. In rendering judgment, the court, after reciting that there is no genuine issue of any material fact as to Foster's alleged cause of action against Mrs. Murren for slander of title and that she is entitled to judgment as a matter of law, further recited that

> Specifically, the Court finds as follows: The assertion of an interest in the real estate involved in this litigation by the Defendant [Mrs. Murren] has at all times been made in good faith, without malice, and upon advice of counsel.

If this recitation actually is a factual finding of Mrs. Murren's good faith, it has no place in the summary judgment proceeding, *State v. Easley,* 404 S.W.2d 296, 297 (Tex. 1966), for the only question before the court with regard to Mrs. Murren's motion was whether or not there was a genuine factual issue of her good faith. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 562 (1962). Consequently, the finding ex-

pressed is neither controlling on appeal nor determinative of the propriety of the summary judgment rendered. *Reynolds v. Park,* 521 S.W.2d 300, 307 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.).

The judgment rendered was, as entitled, a final judgment. It incorporated the provisions of the prior interlocutory summary judgment, decreed that Foster take nothing from Mrs. Murren by his action for slander of title, and ordered that all issues are disposed of by the judgment.

Respectively aggrieved by the summary judgment, Mrs. Murren has appealed from that portion which denies her claim to an undivided one-third interest in the land, and Foster has appealed from that portion which decrees he take nothing by his action for slander of title. Their contentions will be considered in that order.

■ Initially, Mrs. Murren contends that because Foster was not a party to the 1963 contract with the Veterans' Land Board, he has no standing to attack the 1965 Foster-Henderson contract of sale. However, Mrs. Murren did not present this issue to the trial court as a reason to defeat Foster's summary judgment motion; instead, the issue she presented was that Foster had no standing to attack the 1965 Foster-Henderson contract of sale because he was not a party to it. As a consequence, the contention she now makes for the first time on appeal is not available as a ground to avoid the summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex. 1979). But, aside from that, Foster's allegations of his title to the property and Mrs. Murren's asserted adverse claim casting a cloud upon his enjoyment of the land is sufficient for him to maintain his action to remove the cloud. *Katz v. Rodriquez,* 563 S.W.2d 627, 629–30 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

Secondly, Mrs. Murren contends that the 1965 Foster-Henderson contract of sale was not void, but only unenforceable until 8 July 1966, the third anniversary of the 1963 Board-Foster contract of sale and purchase. It follows, she argues, that since

the Foster-Henderson contract was only unenforceable until 8 July 1966, it was thereafter binding on the parties, and was ratified by Galen Foster's 27 May 1968 written statement and his acceptance of three payments from Henderson in 1966 and 1967. As support for her contention, Mrs. Murren relies on *Venable v. Patti*, 490 S.W.2d 194 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.) and *McPhail v. Texas Arch. Aggregate, Inc.*, 573 S.W.2d 893 (Tex.Civ.App.—Eastland 1978, no writ).

In *Venable*, the veteran Patti, who took possession of land pursuant to a contract of sale and purchase with the Veterans' Land Board, agreed to sell the land, and relinquished possession of it, to the Venables before he possessed it for three years. In affirming the trial court's judgment awarding Patti possession of the land, the appellate court remarked that "[t]he length of Patti's possession is decisive because Article 5421m, Section 17 regulates and circumscribes resale of land purchased by a veteran, ... expresses public policy and constitutes a limitation on the right and power of [the veteran] to alien or transfer the property purchased from the Board for a three-year period after date of purchase." 490 S.W.2d at 196. The court then held that since Patti had not "theretofore enjoyed possession of the land for three years, the agreement to sell was in direct contravention of Article 5421m and the public policy expressed therein and is not enforceable." *Id.* The primary authorities cited for the holding are *Woolsey v. Panhandle Refining Co.*, 135 Tex. 449, 116 S.W.2d 675 (1938) and *Kadane v. Clark*, 135 Tex. 496, 143 S.W.2d 197 (1940).

In characterizing the agreement to sell in direct contravention of the statute as "not enforceable," the *Venable* court undoubtedly adopted that phrase from the language used in *Kadane* at 143 S.W.2d 200 in applying the general rule to such a contract; however, the general rule, expressed in both *Woolsey* and *Kadane*, is more comprehensive than the characterization in *Venable.* The rule is stated in the words of *Woolsey* thusly: "an agreement which violates a valid statute is illegal and void,

and cannot be enforced." 116 S.W.2d at 678.

■ Without question, the 1965 Foster-Henderson contract was executed less than three years after the execution of the 1963 Board-Foster contract and, thereby, it directly violated the specific prohibition in the Act. In her efforts to defeat Foster's summary judgment motion in the trial court, Mrs. Murren did not raise any issue of the contract's exemption from the rule generally applied to an agreement made in violation of a valid statute. We, therefore, hold that the 1965 Foster-Henderson contract is void *ab initio* and cannot be ratified.

Our holding is not novel. From the earliest times, it has been recognized that a contract for the sale of land which is entered into when the law forbids alienation is illegal and void, *Atkinson v. Bell*, 18 Tex. 474, 479 (1857); *Hunt v. Turner*, 9 Tex. 385, 388 (1853); *Heirs of Hunt v. Heirs of Robinson*, 1 Tex. 748, 758–63 (1847), and may not be enforced or ratified absent possession or strong equities independent of the contract, *Clay v. Clay's Heirs*, 35 Tex. 509, 527–35 (1871); *Clay v. Cook*, 16 Tex. 71, 73 (1856); *Burleson v. Burleson*, 11 Tex. 2, 9 (1853), none of which is raised as an issue in this cause.

Neither is our holding incompatible with the decision in *McPhail v. Texas Arch. Aggregate, Inc., supra*, which was reached on distinguishable circumstances. In *McPhail*, the question was whether an option to purchase contained in a lease executed within three years of the veterans' contract with the Veterans' Land Board was void or enforceable after the three-year period. The court held that the option, which had not been exercised, was not void but was unenforceable during the three-year period and, pursuant to the Act, was unenforceable thereafter unless the Board gave its approval to the sale. In so holding, the *McPhail* court distinguished its holding from the one in *Venable*, pointing out that in *Venable* the veteran attempted to sell and convey the land during

the three-year period, whereas by the *McPhail* option, which did not pass any title, the veterans did not actually sell or convey the property during the three-year period. 573 S.W.2d at 897.

As a consequence, we overrule Mrs. Murren's points of error one and two. Inasmuch as her remaining points are advanced on the premise that the contract is not void, a discussion of them is pretermitted.

In appealing from that portion of the summary judgment decreeing that he take nothing on his action for slander of title, Foster asserts, under three of his four points of error, that Mrs. Murren failed to establish conclusively that she acted in good faith, without malice, and in reliance upon her counsel's advice. In short, he contends that the material issue whether she acted with malice or in good faith, the only element of his cause of action presented to the trial court by her motion and his response, remains an unresolved factual issue.

Preliminarily, we must consider Mrs. Murren's counter-contention that Foster failed to adequately plead malice on her part in asserting an interest in the land. In this connection, she says that his pleading of her malice refers only to her persistence in defending the suit, which cannot be the basis of a civil action for slander of title. *See Louis v. Blalock,* 543 S.W.2d 715, 718 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). Thus, we must ascertain if Foster's pleadings sufficiently gave her fair and adequate notice, *Kissman v. Bendix Home Systems,* 587 S.W.2d 675, 677 (Tex.1979), that he ascribed malice to her actions before the suit was filed. *American Nat. Bank v. First Wis. Mtg. Trust,* 577 S.W.2d 312, 316 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.).

Foster's pleadings contain allegations that Mrs. Murren was requested to execute a release of her asserted one-third interest in the land prior to the filing of his action, but she refused although "she knew, or should have known" that the 1965 Foster-Henderson contract "had long since been terminated," and that the Hendersons'

1975 deed "would be of no force and effect." He further alleged that Mrs. Murren "continues to assert an invalid and specious interest ... for the sole purpose of attempting to sweat out a settlement ... and is willing to see [Foster] damaged economically ...." Then, Foster charged in his pleadings that Mrs. Murren's "conduct is willful and in heedless disregard of" his rights.

■ A fair reading of the pleadings discloses that Foster alleged a willful course of conduct by Mrs. Murren in heedless disregard of his rights which commenced before his suit was filed and was continuing at the time of filing. The phrase "heedless disregard" is descriptive of malice, *El Paso Times, Inc. v. Trexler,* 447 S.W.2d 403, 406–07 (Tex.1969); and, obviously, Mrs. Murren accepted it as such, for not only did she not except to Foster's pleadings for a failure to adequately plead the element of malice, but she moved for summary judgment on the ground that she acted in good faith and there was no malice in her statements and actions. If, indeed, Foster's pleadings were deficient in alleging pre-suit malice, Mrs. Murren cured the deficiency and joined the issue of malice by her pleadings seeking judgment on her good faith and lack of malice. *Southern Ins. Co. v. Federal Service Finance Corp.,* 370 S.W.2d 24, 28 (Tex.Civ.App.—Austin 1963, writ dism'd); *Wyatt Metal & Boiler Works v. Fannin County,* 111 S.W.2d 787, 789–90 (Tex.Civ.App.—Texarkana 1937, writ dism'd).

Given the issue of malice, Mrs. Murren had to disprove it in order to prevail on her summary judgment motion. *Torres v. Western Casualty and Surety Company,* 457 S.W.2d 50, 52 (Tex.1970). She submits that she has done so because good faith will rebut malice, *Wheelock v. Batte,* 225 S.W.2d 591, 596 (Tex.Civ.App.—Dallas 1949, writ ref'd n.r.e.), and she asserted, in her affidavit, that she filed the Hendersons' 1975 deed in good faith and, in doing so, acted upon the advice of her attorney, who avowed in his affidavit that she followed his legal advice in that regard, *see*

*Humble Oil & Refining Co. v. Luckel,* 171 S.W.2d 902, 906 (Tex.Civ.App.—Galveston 1943, writ ref'd w.o.m.), albeit Foster, by his affidavit, disputed the assertion of good faith, saying she "laughed" at him and he thought she bore him ill will. To the contrary, Foster argues, she cannot show good faith as a matter of law since she claims an interest in land under a void contract and subsequent deed, citing, among other cases, *Runge v. Gilbough,* 87 S.W. 832, 837 (Tex.Civ.App.1905), *aff'd,* 99 Tex. 539, 91 S.W. 566 (1906).

■ Generally, as observed from the cases cited by the parties, the question of good faith is a fact to be resolved by the fact finder from evidence of other facts adduced on a trial. *Elliott v. Davis,* 553 S.W.2d 223, 226 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); *Modular Tech Corp., Etc. v. City of Lubbock,* 529 S.W.2d 273, 276–77 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.). The principle particularly applies to this record.

■ To prevail, Mrs. Murren had the burden to establish her good faith as a matter of law. Her showing of good faith is in her affidavit, supported by the affidavit of her attorney that she acted on his advice. The factual statement of good faith is one peculiarly within her knowledge and involves her credibility, a circumstance that does no more than raise the fact issue in the presence of Foster's controverting affidavit, particularly since we must accept the summary judgment proof in the light most favorable to Foster. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex. 1965). The representation that Mrs. Murren acted on the advice of her attorney does not conclusively establish her good faith; it is but a circumstance to be considered by the trier of fact in determining the issue. It follows that the issue of malice vis-a-vis good faith is inherently one for the fact finder and summary judgment should not have been rendered on Mrs. Murren's motion asserting her good faith. 4 R. McDonald, Texas Civil Practice § 17.-26.12 (rev. 1971).

In reaching this conclusion, we have not overlooked Mrs. Murren's further argument that if we hold the 1965 Foster-Henderson contract void, as we have, then the voidness is apparent on its face without necessitating proof of any fact and, therefore, the contract was not a cloud on Foster's title which would support an action for slander of title. She shapes her argument from the general principle which, as pertinent here, was stated in *Fajkus v. First Nat. Bank of Giddings,* 654 S.W.2d 42, 44 (Tex.App.—Austin 1983, writ dism'd), to be that any deed or contract not void on its face, which purports to convey any interest in or makes any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner.

Mrs. Murren has made the argument without reference to the Hendersons' 1975 deed, which Foster also alleged to be a cloud on his title. But beyond that, neither the 1965 Foster-Henderson contract nor the Hendersons' 1975 deed is void on its face; extrinsic proof is required to evidence their voidness. Hence, the instruments are, under the principle stated in *Fajkus,* a cloud on Foster's title.

Accordingly, we sustain Foster's first three points of error. As a result, it is unnecessary that we address his fourth point by which he complains that Mrs. Murren's tendered affidavits contain inadmissible material.

That portion of the summary judgment which decrees that the 9 February 1965 contract of sale and the 29 April 1975 deed are void, cancelled and removed as clouds on Foster's title, and that Foster's title is quieted, is affirmed. That portion of the summary judgment which decrees that Foster take nothing by his slander of title action is severed, the judgment is reversed, and the slander of title action is remanded.

Costs are taxed to Eunice Henderson Murren. Tex.R.Civ.Pro. 448.