Trinidad FUENTES, Appellant,

v.

Maria GARCIA, Raul Garcia, and Wife, Dominga Garcia, Gregorio Garcia, and Wife, Elena Garcia, Appellees.

Nos. 04–84–00271–CV to 04–84–00273–CV.

Court of Appeals of Texas, San Antonio.

Aug. 30, 1985.

Bernard Campion, San Antonio, for appellant.

Lewis Buttles, Legal Aid Ass'n, and Jose C. Rodriguez, San Antonio, for appellees.

Before REEVES, TIJERINA and SHARPE, JJ.

## OPINION

SHARPE, Justice * (Assigned).

This is an adverse possession case in which the plaintiffs (Maria Garcia, Raul and Dominga Garcia, and Gregorio and Elena Garcia) attempted to establish title to certain lots in the Buena Vista subdivision of Bexar County based on the ten-year statute of limitations. Defendant Trinidad Fuentes first initiated suit by obtaining a Forcible Entry and Detainer from the Justice of the Peace Court to evict the plaintiffs. Plaintiffs then each filed Trespass to Try Title suit in the District Court to establish their ownership of these residential lots. The lower court consolidated the causes. Trial was before the court, which rendered judgment in favor of appellees, and thereafter filed findings of fact and conclusions of law. We affirm.

Trinidad Fuentes acquired title to the disputed properties by paying cash for them. The following chart sets out the pertinent facts:

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

| Plaintiffs claiming property | From whom and when defendant purchased property | Property |
|---|---|---|
| Maria Garcia in possession at least since 1961 | November 14, 1979 from Teodora Gonzales | Lots 50, 60,[1] 61 |
| Raul and Dominga Garcia in possession since 1963 | August 1982 from Benito Alderete | Lots 76 & 77 |
| Gregorio and Elena Garcia in possession since 1961 | November 14, 1979 from Felix G. Lopez and Francisco Lopez | Lots 71 & 72 |

Appellant Fuentes raises one point of error, contending that there was no evidence to establish acquisition of the lots by adverse possession. In the brief and in oral argument, however, appellant also challenges the factual sufficiency of the evidence. Since we have concluded that neither contention can be sustained, we will apply first the test for legal sufficiency and then the test for factual sufficiency as set out by our Supreme Court many times. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex. 1980); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

▆▆▆ Appellant did not specifically challenge any of the findings of fact and conclusions of law. Although unchallenged findings of fact are binding on appeal, we will nevertheless consider appellant's one point of error which in broad stroke challenges all of the findings. *Compare Whitten v. Alling & Cory Co.*, 526 S.W.2d 245, 248 (Tex.Civ.App.—Tyler 1975, writ ref'd). Findings of fact are the equivalent of jury answers to special issues and will be affirmed on appeal if accompanied by a statement of facts and if there is any evidence to support them. 4 R. McDONALD, TEXAS CIVIL PRACTICE § 16.10 (rev. 1984).

▆▆▆ It is appropriate to review the criteria for establishing adverse possession. Proof of each of the following elements is necessary to establish title by adverse possession under the ten year statute: (1) possession of the land, (2) cultivation, use or enjoyment of the land, (3) an adverse or hostile claim, (4) an exclusive dominion over

the property and appropriation of it for the possessor's own use and benefit, and (5) statutory period of ten years has run. *Ramirez v. Wood*, 577 S.W.2d 278, 287 (Tex. Civ.App.—Corpus Christi 1978, no writ). The burden of proving all the essential elements is on the party claiming title by adverse possession. *Davis v. Carriker*, 536 S.W.2d 246, 251 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

Appellant specifically complains that all the appellees have not satisfied the third element, namely, a claim of right or a claim hostile to the claim of another. Appellant argues that the "claim of right" element goes to the mental intent of the claimant. *Elliot v. Elliot*, 597 S.W.2d 795, 801 (Tex. Civ.App.—Corpus Christi 1980, no writ). Appellant argues that as for the claim of Maria Garcia to lot 60, since she never took the stand, her intent could never be ascertained. As for Raul and Dominga Garcia, appellant argues that it was not until these parties contacted an attorney that they actually laid claim to the disputed property. Further, appellant argues that claim of right can also be determined by outward manifestations, such as payment of taxes, improvements and execution of instruments, and that except for improvements, none of the appellees ever did any of the other on the disputed properties. *Orsborn v. Deep Rock Oil Co.*, 153 Tex. 281, 267 S.W.2d 781, 787 (1954).

Appellant also contends that as to lots 71 and 76, appellees have not even shown that the second element of adverse possession, use of the land, has been satisfied. Appellant argues that using lot 76 to deposit

---

**1.** The trial court issued a summary judgment that lots 50 and 61 are owned by Maria Garcia which appellant does not challenge.

discarded items and using lot 71 for parking cars does not constitute sufficient use.

Alternatively, appellees contend that claim of right can never be proven by verbal declaration. *Orsborn, supra,* at 787–88. Rather, the court must look to external circumstances to determine intent. *Id.* Thus a claimant's intent is shown by open and visible acts. *Rocha v. Campos,* 574 S.W.2d 233, 237 (Tex.Civ.App.—Corpus Christi 1978, no writ). Appellees contend that there is substantial evidence showing that each of the adverse claimants committed sufficient external acts to justify their claim of adverse possession. It is now necessary to review the record concerning each of the appellees.

### I. Maria Garcia

▮▮▮ It is undisputed that Maria Garcia lived in a house located on lot 60 for at least the last twenty years. Her mother-in-law, the prior resident, had lived on the property for fifty years and had built a house and small barn on the property and fenced it in. Maria Garcia made improvements on the property by building a chicken house and little barn in the back. Her name was on the mailbox.

On the other hand, there is some testimony indicating that the house that Maria Garcia purportedly occupied was vacant during 1979. Maria Garcia never took the stand to testify concerning her purported claim to the property. We find the evidence to be both legally and factually sufficient to sustain the findings of fact and the judgment. Even assuming that the house was vacant during part of 1979, the ten year statute of limitations would have already run, vesting title in Maria Garcia. A limitations title once consummated is as full and absolute as any other perfect title. *Republic National Bank of Dallas v. Stetson,* 390 S.W.2d 257, 260 (Tex.1965). Also her failure to testify at the trial should have no bearing on its outcome. Absent a verbal assertion of claim to the land, the open and obvious acts committed by Maria Garcia and her family are sufficiently indicative of ownership to vest title in the adverse possessor. *Orsborn, supra,* at 787.

### II. Raul and Dominga Garcia

▮▮▮ It is undisputed that Raul and Dominga Garcia lived on lots 76 and 77 continuously for twenty years. Their residence is on lot 77, where they raised all of their seven children. Lot 76 is used to discard items and has a garage on it. A fence built about ten years ago encompasses both lots. On the other hand, when they testified at the trial, they did not unequivocally claim the property as their own. Again, we find the evidence to be legally and factually sufficient to sustain the trial court judgment in favor of the adverse possessors. When the statutory period has run as here, title is full and absolute in the claimant and cannot be lost by subsequent oral statements that the claimant never intended to claim by limitations. *Republic National Bank of Dallas v. Stetson, supra,* at 260 (Tex.1965). An ambiguous statement concerning intent could have no bearing once limitations had run.

▮▮▮ Additionally, the fact that both lots were fenced in as one unit is indicative of the intent of both parties to adversely possess both lots as one unit. *Orsborn, supra,* at 781 (fencing an important part of acquiring title by adverse possession). Also the standard of use in an adverse possession case is merely that the use and enjoyment of the land is one to which the land is adaptable and capable of being used—lot 76 was suited to parking a car and discarding used items. *Short v. Lyness,* 572 S.W.2d 116, 119 (Tex.Civ.App.—Waco 1978, no writ).

### III. Gregorio and Maria Elena Garcia

▮▮▮ They lived in a house on lot 72 and parked their car on lot 71 for twenty-three years. They have never lived anywhere else since their marriage. They raised all nine children in the house on lot 72. They have added two rooms to the property.

We find the evidence to be legally and factually sufficient to sustain the judgment. Appellant again specifically objects

to the obtaining of title by adverse possession of lot 72 where the Garcias parked their car. As we stated in the situation of Raul and Dominga Garcia, parking a car in an adjoining lot under these particular circumstances is sufficient to adversely possess that lot.

Point of error one is overruled. The evidence is legally and factually sufficient to establish the requisites of adverse possession in favor of appellees. We affirm the judgment.