**E.M. HOLDSWORTH, et al., Appellants,**

**v.**

**GUTHRIE TRUST and Huebner Trust, Appellees.**

No. 04–85–00519–CV.

Court of Appeals of Texas, San Antonio.

April 16, 1986.

Rehearing Denied June 4, 1986.

Eugene Stewart, Carrizo Springs, for appellants.

J. Ken Nunley, Hondo, for appellees.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

This is a trespass to try title action. The parties are nonresident land owners of adjacent acreage located in rough terrain in Real County. The Guthrie Trust and Huebner Trust (appellees) brought suit against the Holdsworths (appellants) and others to establish their ownership of land within their survey line, but beyond their fence line. In defending, the Holdsworths claimed the land on their side of the fenceline by adverse possession and pled the ten year statute of limitations. TEX.REV.CIV. STAT.ANN. art. 5510 (Vernon 1958). Trial was to a jury. Only the Holdsworths appeal.

The Holdsworths assert in the first three points of error their claim of adverse possession was established as a matter of law, and there was no evidence to support the jury's unfavorable answer to Special Issue No. 1. In the next three points of error, appellants assert the failure of the jury to find they held the three tracts of land in dispute adversely was error, and the finding was contrary to the overwhelming weight and preponderance of the evidence.

■ Appellees based their action in trespass to try title on their record title. It is undisputed they received their title to the disputed land by deed in 1965. Appellants had the burden of proof on the issue of adverse possession under the ten year statute. The failure of a jury to find a fact of which the proponent has the burden of proof need not be supported by affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973). Before a court may disregard the jury's answers, it must appear the evidence conclusively establishes that there was adverse possession. *See,* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L. REV. 361, 364 (1960).

■ In our review, the court will consider whether there is some competent evidence in the record which precludes the finding that adverse possession was established conclusively. If there is no evidence, then we will look at all the evidence to determine whether title by limitation was established as a matter of law. *W.T. Carter Bro. v. Holmes*, 131 Tex. 365, 113 S.W.2d 1225 (1938); *Garcia v. Palacios*, 667 S.W.2d 225, 227 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

The elements of adverse possession under the ten year statute are well settled: (1) possession of the land; (2) cultivation, use or enjoyment of the land; (3) an adverse or hostile claim; (4) an exclusive dominion over the property and appropriation of it for the possessor's own use and benefit; and (5) statutory period of ten years has run. *Fuentes v. Garcia*, 696 S.W.2d 482, 484 (Tex.App.—San Antonio 1985, no writ). As stated, the burden of proving all the essential elements is on the party claiming title by adverse possession. *Id.*

■ The evidence shows appellants and their predecessors in title used the land in question for recreation, some grazing and farming. Appellants testified they sometimes leased their land, and their tenants occupied a part of the three tracts of subject land as well. However, they did not lease the land continuously. No leases were admitted into evidence. There was also evidence that portions of the land in question were cleared and some fences maintained by appellants, without the consent of the appellees.

However, there was also evidence presented by appellees reflecting their use and enjoyment of the disputed three tracts

of land. Merl Huebner testified that he had leased the property in question for grazing and oil and gas development; his family and friends regularly used the land for recreational purposes; and he has paid taxes on the land since 1965. Likewise, Hilton Huebner and Clifton Guthrie testified to sometimes leasing the land for grazing and using it themselves for hunting. It is clear that both parties claimed the disputed land after 1965, and both parties used the land during this time.

To be effective as a means of acquiring title, the possession of an adverse claimant must be exclusive of the true owner. The owner must be wholly excluded from possession by claimant. Any sort of joint or common possession by claimant and the owner or a tenant of the owner prevents the possession of claimant from having the requisite quality of exclusiveness.

*Rick v. Grubbs,* 147 Tex. 267, 214 S.W.2d 925, 927 (1948); *Bell v. Lyon,* 635 S.W.2d 586, 591 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

The evidence is plain that the use and possession of the land by each party was intermittent and non-exclusive at best after 1965, when the appellees purchased their land. Thus there was some competent evidence in the record which would preclude the finding that adverse possession was established conclusively from 1965 until suit was filed.

■ The record discloses that the appellees purchased their land in 1965 from veterans who had purchased the land from a State agency, the Veterans Land Board. We agree with appellants that the veterans who purchased the land later held by the Guthrie and Huebner Trusts, although they bought the property under contracts of sale from the Texas Veterans Land Board, were not themselves "agencies" of the State as was the Land Board. Therefore, while the statute of limitation might not have run against the Land Board as an agency of the State involved in governmental business, there would be no bar to the statute of limitation operating against the

purchasers under the contract of sale. *See generally, Venable v. Patti,* 490 S.W.2d 194 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.). The title conveyed to the veterans by the State was an equitable one entitling the buyers to possession. The State, acting in a mere financing capacity to make lands available to Texas veterans, was not representing the State in a purely governmental affair, rather it acted in a private or proprietary capacity. *Thomas v. Cline,* 135 S.W.2d 1018 (Tex.Civ.App.—Eastland 1940, no writ) illustrates the situation where title had not yet passed from the State, which until that time held that disputed land for the benefit of the public free schools of Texas. Until title did pass, limitations could not run against the State, and adverse possession could not be claimed against the State. We do not have that situation in the present case.

Special Issue No. 1 inquired whether the Holdsworths or their predecessors had held peaceable and adverse possession of the land continuously cultivating, using or enjoying the same for any period of ten years or longer prior to May 26, 1976. Appellants' burden was to prove their claim against appellees' predecessors. The record shows that appellants purchased their land in 1950 from Hale, who purchased it from certain veterans in 1948. Hale did not know where the survey lines were, and he did not have a survey conducted.

Hale testified that he cultivated part of one of the disputed tracts. He said a fence was already there and he repaired it when needed. It was a fence which was moved from time to time when trees fell, because it was placed on trees. The Holdsworths (parents/purchasers) conveyed their land to their children in 1965 for estate tax purposes. One of those sons testified they had used the land since purchasing their property for hunting and had rented it to some tenants in the 70's. They had used it for recreation and had harvested some pecans. They had also leased some of their land (whether this was part of the adversely claimed land is unclear) in the 1950's.

No further proof of continuous use by way of leases or agreements was introduced. The son testified that in the summertime the Holdsworths would sometimes spend the night on the property. Again it was not clear from the testimony which part of the land was being used. No witness testified that he had leased or rented property from the Holdsworths prior to 1965.

When there is no evidence to preclude a finding that adverse possession was established conclusively, we then look at all the evidence to determine whether title by limitation was established as a matter of law. In so doing, we now find that appellants have failed to establish the elements of the ten year statute of limitation, as a matter of law. The evidence failed to establish as a matter of law any adverse or hostile claim against the record owners during the period before 1965, continuous use or enjoyment during that time of the three particular disputed tracts of land, or that there was exclusive dominion and appropriation of the three particular disputed tracts for ten years before 1965. Even if there existed some evidence of these elements, appellants cannot be said to have established these elements as a matter of law, which must be done when the jury fails to answer favorably the issue on which the proponents had the burden of proof. Further, the adverse finding as to the disputed tracts of land was not against the great weight and preponderance of the evidence. Points of error one through six are overruled.

Appellants next complain the trial court erred in failing to enter a take nothing judgment against appellees as to another tract of land in which appellees admitted in court they had no interest.

In appellees' third amended original petition, they claimed an 84.921 acre tract of land, described as tract two. However, during trial the court granted appellees' motion for trial amendment to strike their pleadings claiming by adverse possession ownership to tract two. TEX.R.CIV.P. 66. As all pleadings concerning that tract were stricken, there is no support in the record for a take nothing judgment. 2 R. McDONALD, TEX. CIVIL PRACTICE § 8.07 (Rev.1982). Accordingly, we overrule the seventh point of error.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

■ On motion for rehearing appellants argued that the trial court should have entered a take nothing judgment as to an 84.921 acre tract of land. We now clarify our opinion in this respect.

The question raised by appellants' motion for rehearing is whether appellees struck all of their pleadings claiming title to a certain 84.921 acre tract of land in Real County, Texas. Appellants urge that appellees only struck pleadings claiming adverse possession of the tract and that the trial court erred in not issuing a take nothing judgment based on appellees' claim of record title to the land. However, appellees never claimed to be *record* title holders of the 84.921 acre tract.

In appellees' Third Amended Petition they claimed title in fee simple to all of the land described in paragraph two. Then, in paragraph five, appellees claimed that title to the 84.921 acre tract was acquired by adverse possession. However, during trial appellees amended their petition to strike all claims to land acquired by adverse possession. This trial amendment effectively struck all pleadings concerning the 84.921 acre tract of land. Thus, the trial court's omission of the 84.921 acre tract of land from the judgment was correct since any disposition would have been without support in the pleadings.

The motion for rehearing is granted to the extent of clarification of the opinion. In all other respects it is overruled.

The judgment is affirmed.